[No. 18000.   Department Two. — March 7, 1893.]

## GEORGE NYE, APPELLANT, v. THE MARYSVILLE AND YUBA CITY STREET RAILROAD COMPANY, RESPONDENT.

NEW TRIAL — NOTICE OF INTENTION — STATEMENT — RECORD UPON APPEAL. — The insertion, in a record upon appeal from a judgment and an order denying a new trial, of the appellant's notice of intention to move for a new trial, which was not inserted in the statement, is improper, and forms no part of the record.

ID. — SPECIFICATIONS OF ERROR — DISREGARD OF STATEMENT. — A statement on motion for a new trial which contains no specifications of error whatever should be disregarded on the hearing of the motion.

STREET-CARS — DEPOSIT OF FARE — REASONABLE RULE — NON-COMPLIANCE WITH DEMAND — EVICTION OF PASSENGER. — A rule of a street-car company requiring passengers to deposit their fare upon entering the car is reasonable, and the refusal of a passenger to comply with the rule after demand therefor warrants the company in evicting him from the car, using no more force than is necessary for that purpose.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion.

*M. C. Barney*, and *Barney & Donohue*, for Appellant.

The evidence shows a cause of action against the defendant, and the nonsuit was improperly granted. (*Cravens* v. *Dewey*, 13 Cal. 40; *McKee* v. *Green*, 31 Cal. 419, 420; *Gay* v. *Winter*, 34 Cal. 153, 162; *Stringer* v. *Davis*, 35 Cal. 25, 29; *Satterlee* v. *Bliss*, 36 Cal. 490, 512; *Schierhold* v. *North Beach and Mission R. R. Co.*, 40 Cal. 447; *Foote* v. *Richmond*, 42 Cal. 439, 444; *Henry* v. *S. P. Co.*, 50 Cal. 176; *Wilson* v. *S. P. R. R. Co.*, 62 Cal. 164; *McIntyre* v. *Trautner*, 63 Cal. 429; *Leahy* v. *S. P. R. R. Co.*, 65 Cal. 150; *Simpson* v. *Applegate*, 67 Cal. 471; *Hancock* v. *Hubbell*, 71 Cal. 537; *Felton* v. *Millard*, 81 Cal. 540.)

*M. E. Sanborn*, for Respondent.

The plaintiff's failure to comply with the reasonable rule of the company, requiring the depositing of fare,

warranted his eviction therefrom. (Civ. Code, secs. 465, 484, 487, 510, 2186, 2187, 2188; *Fulton* v. *Grand Trunk R. R. Co.*, 17 U. C. Q. B. 428; *Barrett* v. *Market Street R'y Co.*, 81 Cal. 296, 301; 15 Am. St. Rep. 61; *Commonwealth* v. *Power*, 7 Met. 596; 41 Am. Dec. 476; *Wright* v. *Cal. Cent. R'y Co.*, 78 Cal. 360–365.).

HAYNES, C. — This action was brought to recover damages for an alleged wrongful eviction from one of defendant's street-cars. At the conclusion of the evidence offered by plaintiff, defendant moved for a nonsuit, which was granted, and judgment was entered against the plaintiff, who thereafter gave notice of his intention to move for a new trial upon a statement of the case. The statement was thereafter prepared and settled, and upon the hearing the motion for a new trial was denied.

This appeal is from the judgment, and the order denying said motion.

Respondent makes the point that the judgment and order must be affirmed: the first, because no error appears upon the judgment roll; and the second, because there are no specifications of error of any kind, either of law or fact, in the statement on motion for a new trial.

Appellant's notice of intention to move for a new trial forms no part of the judgment roll, nor is it incorporated in the statement. It is inserted in the record after the statement, but as its insertion was improper, it is no part of the record. (*Pico* v. *Cohn*, 78 Cal. 384; *Richardson* v. *City of Eureka*, 92 Cal. 64; *Bohnert* v. *Bohnert*, 95 Cal. 445, and cases there cited.)

The statement contains no specifications of error whatever. Section 659 of the Code of Civil Procedure provides: "If no such specifications be made, the statement shall be disregarded on the hearing of the motion." It was therefore impossible for the court below to grant the motion without violating the above provision, and that being true, it follows that the court did not err in

denying appellant's motion for a new trial. (*Dawson* v. *Schloss*, 93 Cal. 194.)

Waiving the question whether a statement which cannot be used on motion for a new trial, because it does not comply with the requirements of the code, may nevertheless be used upon an appeal from the judgment, an examination of the record makes it clear that the court did not err in granting the nonsuit.

Among the rules of the respondent posted in the car was one requiring passengers to deposit their fare upon entering the car. This rule was reasonable, and necessary to prevent fraud upon the company. Plaintiff was not ignorant of the rule, as shown by his testimony, and after he had seated himself in the car, and had ample time to comply with this rule, his attention was called to it, and he was requested to pay his fare. Instead of complying, plaintiff said that he was going to Yuba City, and had plenty of time to pay. The driver insisted that he must play then, to which plaintiff retorted that he, the driver, "was in too much of a hurry," and that he, the plaintiff, " would take a little time on that." He was then told to get off the car, or he would be put off. Not complying with this request, the driver attempted to remove him from the car, but was unsuccessful; and a second attempt resulted in the driver being put out on the front platform, plaintiff remarking, "If you have any business out there on the platform, you had better attend to it." The driver then removed an iron used to open and shut the door, and went into the car, and again ordered plaintiff to leave the car, which he then did. Appellant was not struck or injured in any way. He had ridden about a block and a half before his attention was called to the payment of his fare. He had ample time and opportunity to pay, and while not expressly refusing to pay his fare, his language and conduct amounted to a refusal to comply with a reasonable rule and proper request made by respondent, and justified respondent in removing him from the car. (Civ. Code, sec. 2188.) Nor was any

more force, or appearance of force, resorted to than was necessary to secure his removal. That the regulation of respondent and the demand of payment of the fare at the time it was demanded were reasonable and proper, see Civil Code, sections 2186 and 2187.

The judgment and order appealed from should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFARLAND, J., FITZGERALD, J.

DE HAVEN, J., concurred in the judgment.