Edwin W. Montgomery, Appellant, *v.* Buffalo Railway Company, Respondent.

Railroads — Violation of Carrier's Reasonable Rules — Ejection of Passenger. The fact that a passenger on a street car is affected by nausea, which may be aggravated by going inside the car, is no excuse for his non-compliance with a reasonable regulation of the carrier, that passengers shall not ride on car platforms, and furnishes him no reason in law for complaining because the conductor, without excessive force or physical injury, enforced the rule by ejecting him from the car.

*Montgomery* v. *Buffalo Railway Co.*, 24 App. Div. 454, affirmed.

(Argued November 1, 1900; decided December 4, 1900.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 8, 1898, and from a judgment entered thereon, which reversed a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial and granted a new trial.

This action was brought by the plaintiff against the defendant, a street railway company, to recover damages for an assault and battery, alleged to have been committed upon him by a conductor in forcibly expelling him from a car. He had paid his fare, upon entering one of the defendant's cars upon a connecting line, and, with a transfer ticket, got upon the car in question. He placed himself upon the rear platform and tendered his transfer ticket to the conductor. One of the company's rules provided that conductors should "not allow passengers to sit, or stand on, or to crowd the rear platform, but will politely request them to take seats or to stand inside the car," and the conductor, calling plaintiff's attention to it, directed him to go inside the car. The plaintiff declined to do so; stating that he had a sick headache, was nauseated and that he expected to be affected actively by the nausea at any moment. The conductor, however, insisted upon his compliance with the rule and, the plaintiff refusing compliance, the car was stopped and the plaintiff was ejected therefrom; but with no excessive force, or physical injury.

The defendant's motions for a nonsuit were denied and, at the conclusion of the trial, the jury returned a verdict in favor of the plaintiff for the sum of sixty dollars. Upon appeal to the Appellate Division, in the fourth department, the judgment recovered by the plaintiff was affirmed as to the facts; but it was reversed upon the law.

*M. Fillmore Brown* for appellant. The courts should not allow the defendant to unreasonably eject a passenger who, with a sufficient excuse, disobeys a rule. (*Shaver* v. *Ingram*, 55 Am. Rep. 712 ; *Townsend* v. *N. Y. C. R. R. Co.*, 6 T. & C. 495 ; *Ray* v. *H. T. Co.*, 12 App. Div. 531.)

*Porter Norton* for respondent. The question as to the reasonableness of the defendant's rule prohibiting passengers riding on the rear platform of its car was one of law, and, having decided the rule to be reasonable, the court erred in submitting the question to the jury to say whether the plaintiff gave an excuse which would permit him to violate a rule thus held to be reasonable. (*Hibbard* v. *N. Y. & E. R. R. Co.*, 15 N. Y. 455 ; *Townsend* v. *N. Y. C. & H. R. R. R. Co.*, 56 N. Y. 295 ; *Wiggins* v. *King*, 91 Hun, 340 ; *Downs* v. *N. Y. & N. H. R. R. Co.*, 36 Conn. 287 ; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 N. Y. 31 ; *Barker* v. *C. P., N. & E. R. R. R. Co*, 151 N. Y. 237 ; *Pease* v. *D., L. & W. R. R. Co.*, 101 N. Y. 367 ; *Graville* v. *M. Ry. Co.*, 105 N. Y. 525.)

Gray, J. The company not only had the right, but it was bound, to make rules and regulation to insure the safe, effective and comfortable operation of its corporate business and whether any particular rule is lawful and reasonable is a question of law for the court. The appellant concedes that the rule of the company was a reasonable one and thus the question is whether, because it was enforced by the conductor, in the expulsion of the plaintiff from the car upon his refusal to submit to it, the company can now be made answerable in

damages by reason of the conductor's action. The proposition would seem to furnish its own answer.

The appellant, however, insists that, even if this rule was a reasonable regulation of the company, all rules, even if reasonable, " must have their exceptions," and whether it was reasonable to enforce the rule upon this occasion, was a question to be passed upon by a jury. In other words, it is claimed that the right of enforcement may depend upon the particular circumstances and, as the plaintiff had an excuse for noncompliance, in the present case, its reasonableness, or that of the conductor's conduct, became a question for the determination of the jury. I am unable to assent to the proposition. I think that, if the rule was a reasonable one, the passenger was bound to submit to it and that it was the duty of the conductor to enforce it. Therefore, in ejecting him from the car upon his refusal to submit, the conductor was acting lawfully in the discharge of his duty. The passenger, by his conduct, had forfeited his right to be carried any further. In *Hibbard* v. *N. Y. & E. R. R. Co.* (15 N. Y. 455), an early and leading case, the question was fully discussed and its doctrine has been followed in this court. (*Pease* v. *D., L. & W. R. R. Co.*, 101 N. Y. 367.) *Barker* v. *Central Park, N. & E. R. R. R. Co.*, (151 N. Y. 237), is a recent case, in which the right of the carrier to make and to enforce its reasonable rules is distinctly recognized. It might be observed that there is quite a difference between such a case as the appellant's counsel mentions, where a passenger is ejected for failure to produce his ticket upon the conductor's request, which another conductor had previously taken up and retained, and such a case as this. In the former case, it could be argued, with more force, that the passenger's inability to comply with the conductor's request was caused by the mistake, or fault, of another of the company's servants and the theory of the corporate liability would be rested upon different propositions.

A railway company is not obliged to carry persons, unless they are willing to submit to, and to be bound by, the reasonable

rules and regulations which it has established.   The plaintiff, if in the physical condition described by him, upon the day in question, was not obliged to travel upon the defendant's street car ; but if he chose to do so, he was bound to submit to its regulations.   He has no sufficient reason in law for complaining, because the conductor performed his duty and compelled him to leave the car.

I think the order and judgment were right and should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, LANDON and WERNER, JJ., concur ; HAIGHT and CULLEN, JJ., not voting.

Order and judgment affirmed.