"The so-called crossing cases are proverbially troublesome, for there are comparatively few instances in which the facts and circumstances, considered in connection with the oral testimony, lead so unerringly to a single conclusion as to permit the courts to hold, as matter of law, that contributory negligence has been established. · The difficulty in such cases is not with the law, for that is too well settled for discussion, but with the application of the law to a given state of facts."

Our review of the facts in this case leads us to the conclusion that, in the interests of justice, it is best to order a new trial before a jury, rather than to reinstate the verdict.

Judgment reversed, and new trial granted, upon payment by the defendant within 20 days of the costs of the trial already had and disbursements to the date of the order.  All concur.

---

(110 App. Div. 429)

HANLEY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.  December 8, 1905.)

1. CARRIERS—TRANSFERS.

The reasonableness of a provision in a transfer ticket that it is good only at intersection of issuing line is a question of law.

2. SAME—EJECTION OF PASSENGER—ACTION FOR ASSAULT.

In an action against a carrier for an assault committed by defendant's conductor in ejecting plaintiff from a car on her refusal to pay fare, when informed by the conductor that the transfer ticket presented by plaintiff was void under the provision therein that it was good only at intersection of issuing line, it was reversible error to submit to the jury the question of substantial violation of the rule, where there was no dispute as to the fact that plaintiff boarded the car at a point substantially distant from the intersection, notwithstanding testimony of the plaintiff that she first waited at the intersection between five and ten minutes for a car, that none came, that she was just convalescent, that the day was windy and chilly, and that she walked away on the street of intersection and boarded the car at the distance of a block therefrom.·

Appeal from Trial Term, Kings County.

Action by Mary Hanley against the Brooklyn Heights Railroad Company.  From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.

Melville J. France (Abram H. Dailey on the brief), for respondent.

JENKS, J.  The plaintiff complained that the defendant's conductor assaulted her when a passenger and attempted to eject her from a car of its electric street surface railroad.  The defendant made general denial, and appeals from a judgment of $600 entered on the verdict of the jury.

The plaintiff and her companion were passengers in a car of the Nostrand Avenue Line.  They paid their fares and received transfer tickets.  The tickets read:

"Good only for the day printed hereon, within the time limit punched and at intersection of issuing line."

The two women left the Nostrand Avenue Line at its intersection with Fulton street, intending to take a car at that point on the Fulton Street Line. They waited between five and ten minutes, then left the place of intersection, walked a block along Fulton street 600 or 800 feet long, and boarded a car on the Fulton Street Line at Fulton street and Bedford avenue. They offered the transfer tickets to the conductor for their fares, a dispute arose, and it is testified that the assault and the attempted ejection followed. Although a conductor may be justified in demanding a cash fare in a given case, with the alternative to the passenger of leaving the car, and may enforce the requirement, it does not always follow that violence used toward the passenger upon his mere refusal to pay the fare was justified under the circumstances. It may have been necessary; it may have been excessive; it may have been premature. Hence I do not determine whether on this case as now presented there is a cause of action, for the reason that, irrespective of that question, an error appears which requires a new trial.

The learned court held that the rule quoted was reasonable, but submitted to the jury whether there was a substantial violation thereof in this case. This was excepted to by the defendant. The court also refused under exception to charge the jury that:

"Under the facts in this case, it being undisputed that this plaintiff boarded the car at a place other than the intersection of Fulton street and Nostrand avenue, the defendant company, through its conductor, had the right to refuse to accept said transfer as payment of the plaintiff's fare."

The reasonableness of the rule, as the court rightly held, was a question of law. Hibbard v. N. Y. & Erie R. R. Co., 15 N. Y. 455; Vedder v. Fellows, 20 N. Y. 126; Avery v. N. Y. C. & H. R. R. R. Co., 121 N. Y. 31, 24 N. E. 20. The error was in the submission of the question of substantial violation in the face of the undisputed fact that the plaintiff boarded the car at a point substantially distant from the intersection. The court seemed to think that because the plaintiff testified that she first waited at the intersection between five and ten minutes for a car, when none came, that she was just convalescent, and that the day was windy and chilly, the jury might find that she did not violate the rule because she walked away on the street of intersection and boarded a car at the distance of a block therefrom. If this theory be correct, then the rule could be practically nullified; for if the passenger, for personal and peculiar reasons, could violate the rule and yet resist the enforcement to the point of force, and recover damages for such enforcement if his reasons seemed well founded to a jury, the defendant would not dare to enforce the rule at such peril. If the wind blew sharper at the intersection than elsewhere, if the passenger could gain a few moments' time by walking on to meet the car, if he objected to loungers or other wayfarers at the intersection, if he was too lightly clad to stand at gaze, and other circumstances might seem to the passenger, and possibly to the jury, good excuse for setting the rule at naught. These may be extreme examples, but it cannot be said how far the peculiarities or idiosyncrasies of the individual might go. Certainly the conductor could not well receive dispensing power. He could not conduct his car, and also take the evidence of any passenger who boarded it at places distant from the point of intersection to

determine whether he should or should not enforce the rule in each specific instance of its actual violation. I think that the case is controlled by the judgments in Montgomery v. Buffalo Railway Co., 165 N. Y. 139, 58 N. E. 770, and Monnier v. N. Y. C. & H. R. R. R. Co., 175 N. Y. 281, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619.

The harm from the error was radical, because the court in effect instructed the jury that it might find that the plaintiff had not violated the rule. If the jury found compliance and credited the story of the plaintiff, it could then regard the act of the conductor as an unprovoked and unjustifiable assault. If, on the other hand, the question of substantial compliance had not been submitted, and the jury had been instructed that the rule was reasonable, as the court decided, and that the defendant had a right to enforce it, even to ejection finally by force and such force as was necessary, we cannot say that it would have arrived at the verdict rendered, or in any event at the amount thereof.

The judgment and order must be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.