contained a provision for the making of a contract next day. The defendant sought to show as a defense which was pleaded that the plaintiff refused to sign a contract next day, in accordance with the terms of the first contract, but insisted on putting thereon a restricting covenant against specified occupations and against building contained in the conveyance to her. The trial judge excluded the said conveyance and much of the evidence that would have gone to establish the facts constituting the said defense.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Jacob R. Schiff, for appellant.

Lynn C. Norris, for respondent.

GAYNOR, J. It is not necessary to inquire into the disputed question whether the covenants the plaintiff wanted to put in the second contract would have been incumbrances on the property. The refusal of the plaintiff to make the second contract the same in its terms as the first did not defeat the consideration for the check. It was given for a good consideration, viz., the first contract, and that remains and can be enforced. The plaintiff is just as much bound by the contract as it was first drawn as she would be if it were drawn over and signed again. It satisfies the provisions of the statute of frauds, and is complete against her. That the purchaser has not signed it does not detract from its effect against her.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed. All concur, except MILLER, J., who dissents, on the ground that the plaintiff herself refused to perform the contract.

---

### SICKELS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

CARRIERS—FARE—PAYMENT.

    Plaintiff, after paying his fare and passing the turnstile at an elevated station, discovered he had lost a paper, and informed defendant's servant of his desire to go back and find it, but was told that if he did so, in conformity with the rules of the company, he would have to pay another fare. He went, and on returning demanded to be allowed to go upon the station platform without paying another fare, which was denied. *Held*, that the rule was not unreasonable, and plaintiff was not entitled to recover for defendant's refusal to allow him access to the platform without payment of a second fare, and for the indignity to which he was subjected.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by George W. Sickels against the Brooklyn Heights Railroad Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

H. F. Ives, for appellant.

Sanders Shanks, for respondent.

MILLER, J. The plaintiff, after paying his fare and passing through the turnstile at an elevated station, discovered that he had lost a paper, and informed the defendant's servant of his desire to go back and find it, but was told that if he did so he would have to pay another fare to be admitted to the station platform. He found the paper on the stairs leading to the street, and, upon returning, demanded that he be allowed to go out upon the station platform without the payment of another fare, which was denied him, and for this refusal and the indignity to which he claims to have been subjected he has recovered the judgment from which this appeal is taken.

It is undisputed that the defendant's servants knew that he was the same person who had paid the fare, and requested the privilege of being allowed to return to look for the paper. The printed rules of the company provided that no one should be allowed to pass the ticket window unless a fare was paid, and the defendant's evidence tended to show that its servants had been given oral instruction to the effect that no one leaving a station platform should be permitted to return to it without paying a fare; and while the respondent criticises the testimony upon this subject, it is undisputed that the plaintiff was informed of the rule before leaving the station platform. The respondent does not question the reasonableness of the rule relied upon by the appellant, and in view of the number of persons daily entering these stations, such a rule is both reasonable and necessary. But it is claimed that, as the defendant's servants knew that the plaintiff had paid a fare for which he had had no ride, it was unreasonable to enforce the rule. No case is cited to sustain the proposition that, the rule being reasonable, the servant nevertheless has a discretion respecting its enforcement; and the case of Montgomery v. Buffalo Railway Co., 165 N. Y. 139, 58 N. E. 770, seems squarely to decide the converse of the proposition. The respondent relies upon expressions in the concurring opinion of Judge Cullen in Monnier v. N. Y. C. & H. R. R. R. Co., 175 N. Y. 281, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619, to sustain his contention; but the point there under discussion related to the conductor's knowledge of the fact that the passenger's failure to obtain a ticket was due to the fault of the defendant's ticket agent, and it was held that the conductor was not bound to take the passenger's word for it. But, of course, it was assumed in the opinion that if the conductor had had actual knowledge of the fact that the passenger was unable to obtain a ticket owing to the fault of the defendant, an entirely different question would have been presented. In the case at bar the plaintiff left the station for his own purpose, and not because of any fault of the defendant. He did this with full knowledge that another fare would be exacted if he again sought admittance to the station platform. The turnstile is provided to register the number of persons passing through. If the plaintiff had been allowed to pass through the turnstile without paying a fare, an uncollected fare would have been charged to the defendant's servant, and, if the defendant's servant were given discretion to admit passengers to the platform except through the turnstile, the very object of providing the turnstile would be defeated. Other equally cogent reasons might be given; but, as the cases cited supra seem to be decisive of the question, we are content, without further discussion or multiplication of authorities, to place our decision

upon the ground that the defendant's servant had no discretion respecting the enforcement of the rule requiring the payment of another fare before the plaintiff could be readmitted to the station platform. If the plaintiff desired to test the question whether he had received any consideration for the fare already paid, he should have done so in an action to recover it.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.