versed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs.

PATTERSON, P. J., concurs.

---

CHARBONNEAU v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.   January 10, 1908.)

1. CARRIERS—STREET RAILWAYS—TRANSFERS—ROUTE—STATUTORY PROVISIONS.

Under Railroad Law, Laws 1892, p. 1406, c. 676, § 104, requiring every surface street railroad corporation entering into a contract for the use of another road to give each passenger paying a single fare a transfer entitling him without extra charge to one continuous trip to any point or portion of such other railroad, etc., to the end that the public convenience may be promoted, etc., a passenger has a right to take the nearest and most convenient route; hence, where a passenger on a street car passing along a certain street called for and received a transfer to a second line, he had a right to take a car on that line at the point where it started from the street along which the first line continued, when by so doing he could reach his destination more conveniently than by continuing on the first line to a point where it crossed the second line, and it was unlawful to refuse him passage without the payment of a second fare.

2. SAME—CONSTRUCTION—"CONTINUOUS" TRIP.

The word "continuous," as used in the statute, must be construed to mean direct, whenever it can be so applied.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, p. 1510.]

3. SAME—"INTERSECTION."

A provision of the transfer directing that it be tendered "at the intersection of the issuing line" means any point on the issuing line where a passenger can continue his direct journey by taking another car, and the fact that the point is at an intersection of tracks merely, and not an intersection of lines, is immaterial.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, p. 3724.]

4. SAME—EFFECT OF CUSTOM.

The fact that it is not customary to give transfers at the point in question is immaterial.

5. SAME—RIGHTS OF CARRIER—REASONABLE RULES.

Though a street railway company has a right to make and enforce such rules as are reasonable for the conduct of its business, a rule which is contrary to law or whose enforcement would invalidate the provisions of a statute cannot be upheld.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 994.]

6. SAME—EJECTION OF PASSENGERS—CIVIL LIABILITY—ACTIONS FOR ASSAULT.

Where a street car passenger, having a transfer entitling him to ride on the car, is ejected therefrom by employés of the company for failure to pay another fare, they commit an unlawful assault, for which he may maintain an action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1412.]

7. SAME—EFFECT OF PENALTY FOR REFUSAL OF TRANSFER.

That a penalty is imposed by statute on the carrier for violation of the law requiring the giving of transfers does not deprive a passenger, presenting a transfer valid on its face, who is summarily ejected, of a remedy by action for damages.

Appeal from Trial Term, Kings County.

Action by Lionel Charbonneau against the Nassau Electric Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Frederick S. Martyn, for appellant.
A. M. Williams, for respondent.

WOODWARD, J. The action was brought by the plaintiff to recover damages for an assault committed by an employé of the defendant while the plaintiff was a passenger upon one of its Seventh Avenue cars. The plaintiff is a physician, and on the 20th of September, 1904, took passage on a Vanderbilt Avenue car, operated by the defendant, coming from Gravesend. After paying his fare the plaintiff, who lived on Second street, near Seventh avenue, asked the conductor if transfers were issued to the Seventh Avenue line. The conductor replied: "Yes, sir; we transfer to the Seventh Avenue line." The plaintiff, having received his transfer, tendered the same to the conductor of the Seventh Avenue car, also operated by the defendant, which he boarded at the beginning of the Seventh Avenue line at Ninth avenue and Twentieth street, where the Vanderbilt car, running east on Twentieth street, turns into Ninth avenue. The conductor of the Seventh Avenue car, refusing to accept the transfer, demanded another fare, which the plaintiff refused to pay. The defendant's inspector thereupon ejected the plaintiff from the car. Under the provisions of section 104 of the railroad law (Laws 1892, p. 1406, c. 676) the plaintiff was entitled to one continuous passage on the defendant's roads for one fare. As the track running from Gravesend on Twentieth street continues past the corner of Ninth avenue and Twentieth street, which is the starting point of the Seventh Avenue line, to Seventh avenue, it seems to me that the plaintiff, by boarding a Seventh Avenue car where he did, was following the logical sequence of his journey; that this, because the nearest, was the most convenient, route; that to have taken a car to Adams and Concord, which the defendant claims was the established point of transfer, would have taken the plaintiff a long distance out of his way; and that therefore he had a legal right to take the nearest and most convenient route by boarding the Seventh Avenue car at Ninth avenue.

The defendant makes a refined distinction between "tracks" and "lines" that is not tenable at law when it says:

"The transfer required that it be issued at the intersection of the lines, and not at the intersection of tracks."

What then is meant by the words on the face of the transfer, which direct that it is to be tendered "at the intersection of the issuing line"? Some light on this point may be gathered from the case of Hanley v. Brooklyn Heights R. R. Co., 110 App. Div. 429, 96 N. Y. Supp. 249, cited by the defendant, which case was decided on appeal in the defendant's favor. In this case it was held that a certain passenger alighting at the intersection of the Nostrand Avenue line with the

Fulton line forfeited her right to passage upon the Fulton line because of a failure to board the car at the point of intersection. The point of intersection which the law intends is, therefore, any point where the passenger can continue his direct journey by taking another car; and such was the point of intersection at Twentieth street and Ninth avenue, where the plaintiff boarded the Seventh Avenue car.

If the distinction between "lines" and "tracks" which the defendant seeks to make be upheld, it would be rendered possible for the defendant to demand an extra fare where the law intends that only one fare shall be charged. It is not denied that the transfer from the Vanderbilt Avenue car to the Seventh Avenue car would be a continuous passage. It is admitted that this would have been the most direct of the three possible routes by which the plaintiff could reach his destination. The word "continuous," in the statute, therefore, must be construed to mean direct, wherever it can apply. Any other construction, it seems to me, would nullify the purpose of the law. "Continuous," according to the Standard Dictionary, means "connected, extended, or prolonged without separation or interruption of sequence; unbroken; unintermitted." It is also defined as "having but one direction." It is plain that the passenger transferring to the Seventh Avenue car at this point would prolong his journey without interruption of sequence. On the other hand, for the plaintiff to have gone to Concord and Adams would have necessitated such changes from his intended course, such interruptions, intermissions, and deviations from that extension of one direction or from that uninterrupted sequence which is plainly intended by the law, that I do not see how such course could be held to be "continuous." To allow the defendant's contention would be to construe "continuous" as meaning continued occupancy of a car, rather than that which the law plainly requires, the most direct, the quickest, and the most convenient route under the circumstances.

The defendant claims that the plaintiff could have asked for a transfer to a Fifteenth Street car on Ninth avenue, and that from this he could have transferred to a Seventh Avenue car; but, as this would involve two transfers, it is plainly less convenient and less continuous than the route taken. The plaintiff was entitled to ride to the point nearest his destination. Moreover, since the tracks on Twentieth street are continuous, and since the Seventh Avenue line virtually begins where the Vanderbilt line turns into Ninth avenue, there is at that point just such an intersection of lines as the statute contemplates. As the tracks on Twentieth street, on which plaintiff came, turn at right angles to the left into Seventh avenue, the plaintiff was entitled to construe the words "at intersection of issuing line" as a continuation of his course. The defendant's contention that such intersection as the statute implies exists only at Concord and Adams is therefore untenable.

The defendant, however, claims that the statute does not require that, if two lines of railroad intersect at more than one point, transfers shall be issued at every point of intersection. This cannot be disputed; but, when the defendant therefore assumes that to the railroad company belongs the absolute and unqualified right of determining where transfers shall be used, it goes too far. The statute plainly in-

tends that transfers shall be given for the public convenience, and the public convenience necessarily implies the most direct and the most convenient route. Nor does the defendant anywhere show why its refusal to give transfers at this point is a reasonable rule, or that it is necessary for the efficient operation of its lines. That the defendant company has a right to make and enforce such rules as are reasonable for the conduct of its business is conceded; but no rule which is contrary to the provisions of the statute, or whose enforcement would invalidate its provisions, can be upheld. That it has not been customary to give transfers at this point may be true; but the case at bar proves conclusively that such transfers should be given. To permit a railroad company to subject its patrons to the inconvenience of taking a circuitous route and of going several miles out of their way, as would have been the case had the plaintiff presented his transfer at Concord and Adams, is contrary to the plain purpose of the railroad law. Nor can a railroad company, furthermore, exact several changes and successive transfers when the public convenience can be better served by one change and one transfer.

In the vast complication of street car lines which exists in a large city, no individual can be expected to be so well informed that he will always ask for the most convenient transfer. To uphold the claims of the defendant in this issue would be to allow the railroad company to take advantage of this confusion. Any passenger coming from Gravesend on a Vanderbilt Avenue car, who desires to go to some point on or near Seventh avenue, would naturally call for a transfer to a Seventh Avenue car. Under the present arrangement, unless the conductor volunteered to suggest a more convenient route, he would be given a transfer which would take him several miles out of his way. Rather than do this, most people would prefer to pay the extra fare, for thus only could they at present secure a direct and continuous passage. The company's rules, to which the defendant would make the application of the statute subordinate, are so obviously unreasonable that the cases cited in the defendant's brief are not applicable to the case at bar. In two of those cases (Barker v. Central Park, etc., R. R. Co., 151 N. Y. 237, 45 N. E. 550, 35 L. R. A. 489, 56 Am. St. Rep. 626; Gulf, C. & S. F. Ry. v. Moody [Tex. Civ. App.] 30 S. W. 574) it was held that it was not necessary that a common carrier should bring home to each passenger a personal knowledge of any reasonable rule which it is seeking to enforce.

In the present case the rule is clearly arbitrary and unjust, as well as unreasonable, not only because its enforcement would have subjected the passenger to great and unnecessary inconvenience, but also because it is contrary to the statutory provision; for, while the defendant's right to make such reasonable rules as are necessary to conduct its business is unquestioned, it cannot by the printed phrase "subject to the rules of the company" destroy the passenger's right to a continuous trip for one fare. While the cases of Griffin v. Interurban R. R. Co., 179 N. Y. 438, 72 N. E. 513, and O'Reilly v. Brooklyn Heights R. R. Co., 179 N. Y. 450, 72 N. E. 517, both of which are cited by the plaintiff, present some points of difference from the case at bar, yet in both of these cases the principle here involved, that the

railroad law gives each passenger the right to a transfer from one road to another and to a continuous passage, is maintained. If the defendant in the case at bar had given the plaintiff a transfer which expressly specified that it was good only at Concord and Adams, the issue would have been the same as that in Nicholson v. Brooklyn Heights R. R. Co., 118 App. Div. 14, 103 N. Y. Supp. 310, in which a passenger tendered a transfer which was invalid on its face. But, in the absence of specific words to the contrary, it is plain that the plaintiff had the right to infer that the beginning of the Seventh Avenue line was such point of "intersection" as the transfer stipulated.

Whether the plaintiff is entitled to recover depends on his right to a transfer at this point, and whether he had a right to such transfer is to be discovered only through the statute. It seems to me that here was such an intersection as the transfer stipulated, and that therefore the defendant's agents committed unlawful assault upon the plaintiff when they ejected him from their car. As it does not appear that the passenger resisted more than was sufficient to demonstrate that he was compelled to get off against his will, the case of Monnier v. N. Y. C. R. R. Co., 175 N. Y. 281, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619, cited by the defendant, which concerns the forcible removal from a train of a passenger who refused to pay additional fare, does not apply. There the inability of the passenger to procure a ticket because the ticket office was closed was held to be no justification for forcible resistance. Here the plaintiff only insisted on his right to a passage, as shown by the transfer, and did not invite a personal collision.

Though it was held in the Nicholson Case, supra, that, because the Legislature has provided a penalty the law does not contemplate that a passenger, in addition thereto, may recover for indignities to which he voluntarily subjects himself, yet that case, where the transfer on its face did not entitle the plaintiff to ride, and where he relied on an assurance which he knew to be false, differs from this, in that here the plaintiff was entitled, because he presented a transfer which was valid on its face, to the same rights as if he had just paid his fare. Surely the law does not intend that a passenger who has a lawful right to passage can be summarily ejected without an adequate remedy. The question is, not whether the conductor did or did not think the transfer to be good, but whether or not it was good. Holding it to be so on its face, it follows that an action for damages can be maintained.

I am of the opinion that the words "transfer from Vanderbilt avenue to Seventh avenue * * * at the intersection of issuing line" rendered the transfer valid, and that, having tendered such transfer, the plaintiff, because of unlawful ejectment from the defendant's car, is entitled to have his claim submitted to a jury.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.