(83 Misc. Rep. 37.)
## RUBINGER v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department.   December 18, 1913.)

1. CARRIERS (§ 267*)—PASSENGERS—REGULATIONS—REASONABLENESS.

A rule of a street railway company, requiring passengers with transfers to board cars at specified points, is a reasonable regulation, which passengers accepting transfers must observe.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 994–996; Dec. Dig. § 267.*]

2. CARRIERS (§ 356*)—PASSENGERS—REGULATIONS—REASONABLENESS.

A street car passenger, who accepted a transfer and who boarded a car at a point other than the transfer point, could be ejected for his failure to pay fare, though the conductor at first accepted the transfer, but subsequently demanded fare; the conductor having no power to waive the reasonable regulations specifying the transfer points.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1409, 1410, 1423–1432; Dec. Dig. § 356.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Maurice Rubinger against the New York Railways Company.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial granted.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

James L. Quackenbush, of New York City (Henry J. Smith, of New York City, of counsel), for appellant.

Merrill, Van Dorn & Rubinger, of New York City (Edwin S. Merrill, of New York City, of counsel), for respondent.

PAGE, J.   The action is to recover for breach of contract for transportation, the plaintiff having been forcibly ejected from one of defendant's cars.   The plaintiff boarded a south-bound Fourth Avenue car at Astor Place, paid his fare, and received a transfer.   He left the car at Chamber and Center streets.   He first testified that he went to the courthouse and obtained a certified copy of an order and then went to the corner of Chamber street and Broadway.   After a motion to dismiss the complaint, upon the grounds, among others, that the plaintiff had proved that he did not make a continuous trip, in that he had stopped in the courthouse and transacted business, he testified in rebuttal that he was mistaken in his former statement that he had stopped in the courthouse.

As the trial judge gave judgment for the plaintiff, he must have accepted the plaintiff's later testimony.   He further testified that on arriving at the corner of Chamber street and Broadway (which is conceded to be the transfer point) he walked up Broadway to Reade street, boarded a car, and handed his transfer to the conductor.   The conductor accepted it, but almost immediately returned and informed the plaintiff that he would have to pay his fare, as the transfer was not good at the point he boarded the car.   Plaintiff refused to pay the additional fare, and at Murray street he was again requested by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the conductor and an inspector to pay his fare, and, upon refusal, was ejected from the car by the inspector.

[1, 2] The rule requiring passengers having transfer tickets to board the cars at certain specified points is a reasonable regulation of their traffic, which passengers accepting transfers must observe. Conductors have no power to waive these regulations, and, upon plaintiff refusing to pay his fare, the employés of the road were justified in ejecting him from the car. Hanley v. Brooklyn Heights R. R. Co., 110 App. Div. 429, 96 N. Y. Supp. 249; Elder v. International Ry. Co., 68 Misc. Rep. 22, 122 N. Y. Supp. 880, affirmed 143 App. Div. 960, 128 N. Y. Supp. 1122; Weber v. Roch., Syr. & Eastern R. R. Co., 145 App. Div. 84, 129 N. Y. Supp. 304.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.