that the driver of the truck rolled it to the skid and let it go.   (b) Anderson, a "checker" of defendant, who testified that Piersanti was four feet away from the truck when this barrel came down.   He thought that Piersanti was about to wait upon a customer at that time.

There being no testimony in the case from which the jury could connect defendant or any of its employés with the occurrence, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.

---

(86 Misc. Rep. 43)

### GOODMAN v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

**1. CARRIERS (§ 267\*)—STREET RAILROADS—TRANSFERS—SHORT AND LONG SERVICE.**

    A street railroad may lawfully run short and long service cars on the same line or route, and if they are adequately marked, or the conductor notifies a passenger on boarding a car, may require passengers desiring to go beyond the short service terminus to take only a long service car.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 994–996; Dec. Dig. § 267.\*]

**2. CARRIERS (§ 267\*)—STREET RAILROADS—TRANSFERS—ROUTE.**

    A regulation, whereby a passenger boarding a short service car and entitled to a transfer to a car of a line intersecting the line at a point beyond must use such transfer on an indirect route rather than on a long service car. of the same line, was unreasonable, since he was entitled to a transfer by the most direct route.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 994–996; Dec. Dig. § 267.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Goodman against the New York Railways Company.   Judgment for defendant, and plaintiff appeals.   Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Arthur Hutter, of New York City, for appellant.

James L. Quackenbush, of New York City (W. J. Shiels, of counsel), for respondent.

BIJUR, J.   Plaintiff, at Thirty-Fourth street and Fourth avenue, boarded a south-bound Fourth avenue car without noticing whether it was a short or long service car.   He asked the conductor for a Delancey street transfer, and a transfer was given to him.   At Eighth street and Fourth avenue (not Astor place and Broadway) the conductor "asked the passengers to get off the car and go further south where they wanted to go."   Plaintiff then boarded the next car, which was a Williamsburg Bridge car of the Fourth avenue line.   He was told the transfer was not good, refused to leave, and was put off.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On these facts, the question arises whether the defendant is not guilty of a breach of contract, in refusing to carry the plaintiff in the manner to which he was entitled by the payment of his fare.

[1] I shall assume under the rule laid down in Baron v. N. Y. Rys. Co., 120 App. Div. 134, 105 N. Y. Supp. 258, that the company may lawfully run short service cars stopping at Astor place and long service cars to Williamsburg Bridge and Brooklyn Bridge, respectively, and, if they are adequately marked, or the conductor notifies the passenger on boarding the car, may require passengers, if they wish to go beyond the short service terminal, to take only long service cars. But in the case at bar there is no proof that the car boarded by the plaintiff was adequately marked. On the contrary, the very fact that the conductor gave him a transfer to the Delancey street car, which intersected defendant's line at a point far beyond the Astor place terminal, was at least some indication to plaintiff that the car was not a short service car.

[2] The next question therefore that arises is: Assuming that plaintiff, under these circumstances, was entitled to be transferred to a car of a line which intersected defendant's line at Delancey street, was the regulation of the defendant that he must use such transfer on the Broadway car at Broadway and Astor place, rather than on a long service car of the Fourth avenue line at Eighth street and Fourth avenue, a reasonable one? On this point the case of Charbonneau v. Nassau Elec. Ry. Co., 123 App. Div. 531, 108 N. Y. Supp. 105, is decisive to the effect that the passenger is entitled to a transfer by the most direct route. Moreover, the fact that the conductor told the passenger to alight at Eighth street and Fourth avenue in order to go further south is an indication either that the defendant had made provision for transfers further south upon its own long service cars, or that the conductor had misdirected the plaintiff in this respect, in either of which contingencies the plaintiff would be entitled to recover.

In the absence of any proof by the defendant of the reason or purpose of its refusal to accept the transfer of the plaintiff on the Williamsburg Bridge car pursuant to some appropriate general regulation, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.