# Richmond.

VIRGINIA RAILWAY AND POWER COMPANY v. O'FLAHERTY.

March 16, 1916.

1. CARRIERS—*Rules and Regulations—Reasonableness—Notice.*—A carrier has the right to make reasonable rules and regulations for the conduct of its affairs, and they are binding upon passengers and the public dealing with the carrier when brought to their notice. Whether or not such rules and regulations are reasonable is a question of law addressed to the court.
2. STREET RAILWAYS—*Rules—Payment of Fares.*—The rule of a street car company requiring a passenger to deposit his fare (or ticket) in a box is a reasonable regulation, and one with which the passenger is bound to comply when he has notice thereof.
3. STREET RAILWAYS—*Conductors—Conservators of Peace—Passengers— Refusal to Deposit Fare—Arrest.*—Conductors of street cars are conservators of the peace in this State, and when a passenger on such car, in disregard of a lawful rule of the company of which he has knowledge, refuses either to deposit his fare in the box or leave the car, the relation of passenger and carrier between him and the company ceases, and he becomes an intruder and trespasser on the car, and the conductor may either place him under arrest or eject him from the car.
4. DAMAGES—*Self-Imposed Grievance—Carriers.*—It is against the policy of the law and beyond the competency of the courts to award damages to a plaintiff for a grievance which was self-imposed in the first instance, and which continuously thereafter he could have relieved simply by complying with a reasonable rule of a carrier which obviously it was his duty to observe.

Error to a judgment of the Law and Equity Court of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Henry W. Anderson, A. B. Guigon* and *Thomas P. Bryan,* for the plaintiff in error.

*Mathews & Gunn, Wm. M. Justis, M. J. Fulton* and *R. E. Byrd,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

This writ of error brings to our attention a judgment of the Law and Equity Court of the city of Richmond, awarding defendant in error $500 damages in an action for false imprisonment.

By consent of parties a jury was waived and all matters of law and fact were submitted to the court. The trial court's finding of essential facts discloses this situation: Plaintiff below boarded a Broad and Main street "pay-as-you-enter" car of defendant as an intending passenger for transportation from the eastern to the western part of the city of Richmond. There is a public regulation of defendant which requires an intending passenger, upon entering the car, personally to put his fare in a till or box maintained on the rear platform, and also a rule that forbids conductors, under any circumstances, on pain of dismissal, to accept fares, and enjoins upon them the duty of requiring passengers to deposit the same in the box. On the instant occasion, plaintiff entered the car without depositing his fare, and when his attention was called to the omission by the conductor he tendered him a ticket, but refused to deposit it in the box. Thereupon, the conductor insisted that he should either comply with the rule or leave the car; and, upon his repeated refusal to do either, the conductor, exercising his authority as a policeman or conservator of the public peace, arrested plaintiff and detained him on the car until it arrived at the reservoir, the western terminus of the line, when he was turned over to the city authorities and admitted to bail.

The trial court, in its opinion, said: "The evidence shows that both the conductor and the motorman exercised their rather disagreeable duties in a polite and courteous manner, and acted in good faith and without malice in what they did, and that while there was some controversy between the plaintiff and the conductor, there was nothing in the nature of actual disorder upon the car. . . ."

The court correctly held, "that the rule of the defendant requiring a passenger to deposit his fare (or ticket) in the box is a reasonable regulation, and one with which the passenger should comply. The burden imposed upon the passenger of stepping back to the platform and personally putting his fare in the box, when he has taken his seat without doing so, is very slight, and taken in connection with the purposes of a pay-as-you-enter car, and with the necessity of rendering street car traffic in crowded cities as efficient as practicable for the general public, is not an unreasonable requirement. . . . The rule in question here was a public regulation of the company of which the plaintiff had knowledge. By the refusal of the plaintiff to pay his fare in the manner required by this regulation, he placed himself in default. Upon his refusal so to pay, or to leave the car, the company by its agents, the conductor and the motorman, acquired the right to eject him from the car."

The authorities fully sustain the above statement of the law.

"It is well-settled law that a carrier has a right to make reasonable rules and regulations for the conduct of its affairs, and that they are binding upon the passengers and the public dealing with the carrier when brought to their notice. . . . The reasonableness of the rules and regulations of a railroad company is a question of law addressed to the court." *N. & W. Ry. Co.* v. *Wysor,* 82 Va. 250, at pages 260-1; *Va. & S. W. Ry.* v. *Hill,* 105 Va. 738, 54 S. E. 872, 6 L. R. A. (N. S.) 899 *N. & W. Ry. Co.* v. *Brame,* 109 Va. 422, 430, 63 S. E. 1018.

"It is within the power of the company to make and

enforce a reasonable rule as to the time, place and manner of payment of fares." *Knoxville Traction Co.* v. *Wilkerson,* 117 Tenn. 482, 99 S. W. 992, 9 L. R. A. (N. S.) 579, 10 Ann. Cas. 641, Nellis on Street Railways (2d Ed.), sec. 264.

There are numerous cases which uphold the reasonableness of rules similar to the one under consideration and the duty of the passenger to comply with them, and, upon refusal, the power of the conductor to eject him. *Martin* v. *Rhode Island Co.,* 32 R. I. 162, 78 Atl. 548, 32 L. R. A. (N. S.) 695, Ann. Cas., 1912, C, p. 1283; *Nye* v. *Maryville, &c. Co.,* 97 Cal. 461, 32 Pac. 530; *Kitchen* v. *Saginaw* (C. C.), cited in 117 Mich. 254, 75 N. W. 466, 41 L. R. A. 817.

The case of *Elder* v. *International Ry. Co.,* 68 Misc. Rep. 22, 122 N. Y. Supp. 880, is very similar in its facts to the case in judgment. There, as here, the plaintiff, after some altercation, "offered to pay the fare, but the conductor stated to him that he would have to come back to the platform and deposit the nickel in the fare box because the rules of the company forbade him from handling the fare. The plaintiff evidently felt incensed at this and while willing to pay the additional fare, refused to walk back and put it in the box. He was ejected without violence. The pay-as-you-enter system of collecting street car fares had been adopted in part for the purpose of guarding against the possible dishonesty of conductors. . . . Manifestly, a general rule requiring the passengers on entering a car to deposit fares in a box themselves, is a reasonable one. *Montgomery* v. *Buffalo, &c. Co.,* 165 N. Y. 139 (58 N. E. 770). Particular circumstances are not sufficient excuse for noncompliance with a reasonable rule. The passenger is bound to submit to it and the duty of the conductor is to enforce it. Passengers must know that conductors cannot dispense with rules of the company and if they do not the law charges them with such knowledge."

As we have seen, the law and equity court concedes the power of the conductor, in the circumstances, to have ejected

plaintiff for refusal to comply with the regulation or leave the car. Yet the court was of opinion that the arrest of plaintiff was unlawful, and entitled him to recover substantial damages. In that view we are unable to concur.

Clause 45 of section 1294-d of the Code is as follows: "Each conductor and motorman in the employ of said company, upon the cars of said company, shall be a special policeman, and have all the powers of conservators of the peace while upon the cars and right of way of said company in the enforcement of the provisions of this act, and in the discharge of his duty as special policeman and in the enforcement of order upon said cars and said right of way."

The construction placed by the trial court on the powers and duties of conductors and motormen under the statute is too restricted. When plaintiff, in disregard of a lawful rule of the company of which he had knowledge, on request, refused either to deposit his fare in the box or leave the car, the relation of carrier and passenger between the company and him ceased, and he became an intruder or trespasser on the car. In other words, his presence on the car was unlawful. And the conductor, as a conductor and conservator of the peace and special policeman charged with the enforcement of order upon the car, without fault on his part, was confronted with the alternative, either of arresting plaintiff and turning him over to the city authorities, or forcibly ejecting him from the car. From the temper of plaintiff, the conductor was warranted in the belief that any attempt on his part to eject him would lead to violence and a breach of the peace, which it was his duty to conserve. Therefore, the conductor, in his capacity of conservator of the peace and special policeman, in a polite and courteous manner and in good faith and without malice, pursued the other alternative, and in so doing acted within the scope of his authority and in the line of his duty as a State officer, exercising his best judgment in an emergency for the existence of which plaintiff was responsible.

48

It thus appears that the grievance of which plaintiff complains was self-imposed. He was master of the situation, with power, in the first instance, to have obviated the annoyance; and continuously thereafter to have relieved it, simply by complying with a reasonable rule which obviously it was his duty to observe. It is against the policy of the law and beyond the competency of courts to award damages to a plaintiff so in fault.

For these reasons the judgment must be reversed, and judgment entered for the plaintiff in error, defendant below.

*Reversed.*