# Lake Shore & Michigan Southern Railway Co. *versus* Greenwood *et ux.*

1. A railroad company allowed passengers to ride on way freight trains; under a rule, that "passengers will not be carried on way trains unless they are provided with tickets. Way freights will not stop at stations where tickets are not sold to receive nor to let off passengers." *Held* that the rule was reasonable.

2. A passenger who had ridden on a way freight car before and after making the rule, without objection for want of a ticket, could not be removed from the car at a distance from the station, without proof of express notice or actual knowledge of the rule.

3. Under the circumstances in this case, putting up notices of the rule at the station houses was not sufficient.

October 20th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Erie county*: Of October and November Term 1875, No. 135.

This action was in case and was brought November 23d 1873, by J. L. Greenwood and Sarah E., his wife, in her right, against The Lake Shore and Michigan Southern Railway Company. The cause of action was removing Mrs. Greenwood from one of the way freight train cars of the plaintiff at a distance from a station, because she had no ticket, although she offered to pay the conductor the proper fare. She was removed under the following rule of the company:—

"NOTICE.—On and after February 1st 1873, passengers will not be carried under any circumstances upon any freight trains, except such as are designated as way freights upon the time tables, and they will not be carried upon way trains unless they are pro-

[Lake Shore & Michigan Southern Railway Co. *v.* Greenwood.]

vided with tickets. Way freights will not stop at the stations where tickets are not sold to receive nor to let off passengers."

On the trial before Vincent, P. J., April 16th 1875, Mrs. Greenwood testified that in August 1873, she started from Erie to go to Harborcreek Station, seven miles east of Erie, on the defendants' road; she had missed the early passenger train and got on the way freight train; no one came around till she had got about two miles; the conductor then came; she offered him money, he declined to take it and asked for her ticket; she said she had none; he said he must put her off, he could not help it; he was obliged to put her off if she had no ticket; she had been accustomed to ride on that train back and forward, and always had paid her fare on the train; had ridden on it frequently after February 1st 1873. She did not see the notice that passengers should not be carried on a freight train without a ticket.

Mr. Greenwood testified that he went with his wife to the depot, the ticket agent said the passenger train had gone, but the way freight was just going, starting from the upper end of the depot; he put his wife aboard there; the ticket agent did not say he needed a ticket; he had often ridden on the train without a ticket, did not know a ticket was required; he had not seen the notice in the depot that passengers would not be carried on freight trains without a ticket.

Plaintiff gave in evidence the following order from the company to their employees:—

" Conductors of *way freight trains* must visit their cabooses immediately before starting from each station, and not permit any passengers to ride upon their trains except such as are provided with tickets. * * * Ticket agents will take pains to inform passengers of this order, so that the public may experience no inconvenience."

Defendants gave evidence that the notice was hung in conspicuous places in the ladies' and gentlemen's rooms in the passenger station at Erie, and had been put up a week or ten days before the order took effect; the notice was in the caboose when Mrs. Greenwood got on the train; the notice was in each of the waiting-rooms at Harborcreek Station.

The court charged:—

* * * "It has not been contended that the order, requiring all passengers on this train to procure tickets before getting upon the train, was not a reasonable and proper one, and within the power of the defendants to make. But she contends that the company had, before this, for a long time, been in the habit of carrying her, back and forth, between Erie and Harborcreek, and allowing her to pay her fare on the cars, and she had never seen a notice or been informed of the new rule; and her husband testifies that, although the ticket agent at Erie told him he could take this way

[Lake Shore & Michigan Southern Railway Co. *v.* Greenwood.]

freight, he did not inform him that he must procure a ticket for his wife or himself before getting into the car, and that he was, therefore, justified in getting on the car without a ticket, and that the conductor should have received her fare, and carried her to her destination. We are of the opinion that, if the company had been in the habit of carrying the plaintiff on this train without a ticket, its agents had no right to eject her from the car, unless she had notice of the change of the rule. It matters not how she had that notice, if she did have it before she went upon the train, the conductor had a right to put her off, using as much force as was necessary for that purpose, and putting her off in a reasonably proper place." * * * * * * * *

Both parties submitted points. The foregoing portion of the charge sufficiently states the principles involved in them and the question decided by the Supreme Court.

The verdict was for the plaintiffs for $125.

The defendants took a writ of error, and assigned for error the instruction of the court.

*J. W. Wetmore*, for plaintiffs in error.—The rule being a reasonable one, the burden is not on the company to show that the passenger had notice : Dietrich *v.* Penna. Railroad Co., 21 P. F. Smith 432; Commowealth *v.* Power, 7 Metc. 596.

*Benson & Brainard*, for defendants in error.—If a railroad regularly carries passengers by a freight train, the liability is the same to the passenger as if carried on a passenger train : Chicago & A. Railroad Co. *v.* Flogg, 43 Ill. 364. In cases requiring public notice the burden is on the carrier to show that the person to be affected had notice : 2 Greenl. Ev. 216 ; Kerr *v.* Willan, 2 Starkie's Rep. 52 (48) ; Angell on Carriers 247–249 ; Rawson *v.* Penna. Railroad Co., 48 N. Y. 212 ; Beckman *v.* Shouse, 5 Rawle 189.

Judgment was entered in the Supreme Court, November 1st 1875,

PER CURIAM.—The rule as to the purchase of tickets before entering into the car of the way freight train was entirely reasonable. But the plaintiff having used this car often before the adoption of the rule, and indeed afterwards, without objection for the want of a ticket, the company could not turn her out of the car and land her off a mile or so from the station without proof of express notice, or her actual knowledge of the existence of the rule forbidding any one to enter the car without a ticket. The putting up such notices in the station house is not sufficient under these circumstances to visit her with notice.

Judgment affirmed.