BENJAMIN BARKER, JR., Appellant, *v.* THE CENTRAL PARK, NORTH AND EAST RIVER RAILROAD COMPANY, Respondent.

1. CARRIERS — REASONABLENESS OF RULE. If the facts are undisputed and not susceptible of different inferences, the question of the reasonableness of a rule of a carrier of passengers is one of law, and should not be submitted to the jury.

2. STREET CAR COMPANY — RULE AS TO FURNISHING CHANGE. A rule of a horse street car company in a large city, requiring its conductors to furnish change to passengers to the amount of two dollars, is reasonable; and a tender, by a passenger, of five dollars to be changed for a five-cent fare is unreasonable and need not be accepted.

3. KNOWLEDGE OF RULE. A common carrier is not required to bring home to each passenger a personal knowledge of any reasonable and just rule which it is seeking to enforce.

*Barker* v. *C. P., N. & E. R. R. R. Co.*, 3 Misc. Rep. 635, affirmed.

(Argued December 8, 1896; decided December 22, 1896.)

APPEAL from a judgment of the General Term of the Court of Common Pleas for the city and county of New

York, entered April 6, 1893, which affirmed a judgment in favor of defendant entered upon the dismissal of the complaint at the close of plaintiff's case at the Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel H. Ordway* for appellant. The real issue in this case is whether, under the circumstances testified to, the plaintiff should be held, as a matter of law, to have refused to pay his fare. Upon that ground, and no other, can the defendant justify the assault upon and ejection of the plaintiff from its cars. (*Cleveland* v. *N. J. S. Co.*, 68 N. Y. 306; *Gordon* v. *G. S. & N. R. R. Co.*, 40 Barb. 546; *Stewart* v. *B. & C. R. R. Co.*, 90 N. Y. 588.) It was not necessary that the plaintiff should make a precise legal tender of his fare, that is, offer the exact sum of five cents when called upon to pay his fare. (*Pickford* v. *G. J. R. Co.*, 8 M. & W. 372; Thomp. on Carriers, 29; 23 Am. & Eng. Ency. of Law, 1017; *Barrett* v. *M. S. R. Co.*, 81 Cal. 296; *In re Loader*, 14 Misc. Rep. 208; *Corbett* v. *T. T. S. R. Co.*, 42 Hun, 587; *Tarbell* v. *C. P. R. R. Co.*, 34 Cal. 616; *J. C. & B. R. R. Co.* v. *Morgan*, 52 N. J. L. 60; 2 Story on Cont. § 1407.) Plaintiff could only be required to tender a sum which the defendant's conductor was in fact able to change, or which the defendant ought reasonably to have been expected to equip its conductors with change for. If the plaintiff met either of these requirements he cannot be said to have refused to pay his fare, and the defendant had no right to eject him from its cars. (*Weil* v. *D. D., E. B. & B. R. R. Co.*, 119 N. Y. 147; *Barrett* v. *M. S. R. Co.*, 81 Cal. 296; *Mead* v. *Parker*, 111 N. Y. 259; *S. S. Nat. Bank* v. *Sloan*, 135 N. Y. 371; *Pierson* v. *Crooks*, 115 N. Y. 539.) There is no validity in defendant's point that the complaint should have been dismissed on the ground that no damage to the plaintiff was shown. (*Hamilton* v. *T. A. R. R. Co.*, 53 N. Y. 25.)

*Henry Thompson* and *Henry A. Robinson* for respondent. A passenger upon a railway car becomes a debtor to the com-

pany for the amount of his fare, which may be legally demanded in advance, and if not paid, the passenger may be expelled from the car. (*Hibbard* v. *N. Y. & E. R. R. Co.*, 15 N. Y. 455 ; *Townsend* v. *N. Y. C. & H. R. R. R. Co.*, 56 N. Y. 295 ; *Sanford* v. *E. A. R. R. Co.*, 23 N. Y. 343 ; *Lynch* v. *M. E. R. Co.*, 90 N. Y. 77 ; *Wentz* v. *E. R. Co.*, 3 Hun, 241 ; L. 1850, ch. 140, §§ 35, 40 ; *Wyman* v. *N. P. R. R. Co.*, 34 Minn. 210 ; *J. R. R. Co.* v. *Rogers*, 28 Ind. 1 ; *Fulton* v. *G. T. R. Co.*, 17 U. C. Q. B. 428.)  Tender in payment of a debt must be unconditional ; tender of a larger amount with a demand of change is invalid, if the creditor objects on that ground.  (Addison on Cont. [8th ed.] 1215 ; 2 Parsons on Cont. [8th ed.] 756 ; Broom's Legal Maxims, 168 ; McAdam's Landl. & Ten. 339, 340 ; 17 Am. Law Reg. 749 ; *Robinson* v. *Cook*, 6 Taunt. 336 ; *Betterbee* v. *Davis*, 3 Camp. 70 ; *Wood* v. *Hitchcock*, 20 Wend. 47 ; *Howard* v. *Hayes*, 15 J. & S. 89, 103 ; *Bevans* v. *Rees*, 5 M. & W. 306 ; *Gradle* v. *Warner*, 29 N. E. Rep. 1118.)  The defendant was justified in enforcing a reasonable rule for the government of its passengers, and this although the rule was not in terms brought to plaintiff's attention.  (*Hibbard* v. *N. Y. & E. R. R. Co.*, 15 N. Y. 455 ; *Townsend* v. *N. Y. C. & H. R. R. R. Co.*, 56 N. Y. 295 ; *Lynch* v. *M. E. R. Co.*, 90 N. Y. 77 ; *Pease* v. *D., L. & W. R. R. Co.*, 101 N. Y. 367 ; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 N. Y. 31 ; *Peck* v. *N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 587 ; *Putnam* v. *B. & S. A. R. R. Co.*, 55 N. Y. 108 ; *Vedder* v. *Fellows*, 20 N. Y. 126 ; *Dunphy* v. *E. R. Co.*, 10 J. & S. 128 ; *T., W. & W. R. R. Co.* v. *Wright*, 68 Ind. 586.)  Under the view most favorable to the plaintiff, he would only be entitled to nominal damages, since he has shown no actual damage, and the court will not grant a reversal for such error.  (*Hamilton* v. *T. A. R. R. Co.*, 53 N. Y. 25 ; *Townsend* v. *N. Y. C. & H. R. R. R. Co.*, 56 N. Y. 295 ; *McConihe* v. *N. Y. & E. R. R. Co.*, 20 N. Y. 495 ; *Stephens* v. *Wider*, 32 N. Y. 351 ; *Aberle* v. *Fajen*, 10 J. & S. 217 ; *Ellsler* v. *Brooks*, 22 J. & S. 73.)

BARTLETT, J.    This appeal presents a novel question which has not been considered by this court in any case to which our attention has been called.

No opinion was written in the court below.

The defendant corporation operates a horse railroad in the city of New York as a common carrier of passengers.

On the 12th of January, 1889, the plaintiff entered one of the defendant's cars as a passenger, and when called upon for his fare of five cents found that the smallest amount of money in his possession was a five-dollar bill.

The plaintiff offered the bill to the conductor, who stated, " I am not supposed to change it; you must get off." To this the plaintiff replied, " I won't get off ; you must put me off." The conductor thereupon put the plaintiff off the car.

It is not claimed that he used any more violence than was necessary, or that the plaintiff was actually injured in person or property.

The transaction was undoubtedly a technical assault and battery, and the plaintiff seeks in this action to recover his damages therefor. It may be conceded, as was urged by plaintiff's counsel in his very able argument, that if plaintiff was unlawfully ejected from the car, this is a case for substantial damages.

A number of points were discussed at the bar, but in the view we take of this case there is but one question to be considered.

The plaintiff's counsel asked to go to the jury on several questions and among others the following :

" Whether the five dollars was in this case and under the circumstances testified to a reasonable amount for the plaintiff to tender the conductor in payment of his fare ? "

The complaint was dismissed at the close of the plaintiff's case, and the point is made whether the reasonableness of the tender of five dollars to the conductor is a question of law or a question of fact on the evidence.

It was stipulated at the trial that the defendant had a rule requiring their conductors to be prepared to furnish change to

the amount of two dollars, and that such rule was not brought to the attention of plaintiff.

It was further stipulated that there was no regulation forbidding the conductors to make change to a greater extent than two dollars.

On cross-examination of the plaintiff he testified as follows :

" Q. Why did you say to the conductor, before making any tender, ' I have only got a five-dollar bill ? ' A. Well, because I felt rather apologetic about offering that large amount, because I didn't know whether it might inconvenience him with using up a great deal of his change or not, and, of course, I wouldn't have offered five dollars if I had anything else, and I wanted to explain it."

It thus appears that the plaintiff regarded his offer of the five-dollar bill as unusual and requiring explanation.

There is no evidence of a custom on the part of the plaintiff or the public of tendering to defendant five dollars in payment of a five-cent fare and receiving the change, nor of any rule of the defendant imposing upon their conductors the duty of furnishing passengers with change in so large an amount.

The plaintiff swore to one occasion when he had offered a five-dollar bill for his fare and had it changed, but it was on the car of another line.

There is no evidence which would have warranted the trial judge in submitting to the jury the question whether the plaintiff's tender of the five-dollar bill under the circumstances was unreasonable.

On the evidence as it stands the plaintiff's tender of the five-dollar bill was unreasonable as a matter of law, and the undisputed facts are not of such a nature that reasonable men might differ in regard to the inferences proper to be drawn from them.

In this state of the record it is well settled that there is no question for the jury. ( *Vedder* v. *Fellows*, 20 N. Y. 126 ; *Hibbard* v. *N. Y. & Erie R. R. Co.*, 15 N. Y. 455, 459, 460 ; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 N. Y. 31, 44.)

31

It is quite apparent that a carrier of passengers must make and enforce such reasonable rules as will enable it to discharge its duties to the general public in a proper manner, and if the facts are undisputed and not susceptible of different inferences, the question of their reasonableness ought not to be submitted to a jury who might not readily understand the reasons upon which the rule is sought to be founded. If the question is treated as one of law uniformity is secured, a matter in which the public are interested quite as much as the corporations who are carriers of passengers.

In the case at bar the reasonableness of the rule established by the defendant is obvious. In a large city like New York the round trip of a car of any street line means a very considerable number of fares paid in, and the necessity for the conductor to carry and pay out a large amount of small change.

When the defendant enacted the rule requiring its conductors to furnish change to a passenger to the amount of two dollars it did all that could reasonably be expected of it in consulting the convenience of the general public, and it would be unreasonable and burdensome to extend the amount to five dollars.

It would require conductors to carry a large amount of bills and small change on their persons, and greatly impede the rapid collection of fares.

It is not necessary that a common carrier should bring home to each passenger a personal knowledge of any reasonable and just rule which it is seeking to enforce ; to so hold would render the enforcement of the rule impracticable.

We have been cited to but one case holding with the plaintiff in this action. (*Barrett* v. *Market St. Ry. Co.*, 81 Cal. 296.)

We agree with the learned Supreme Court of California, that a passenger upon a street railroad is not bound to tender the exact fare, but must tender a reasonable sum, and the carrier must accept such tender and furnish change to a reasonable amount, but we cannot assent to the conclusion that a tender of five dollars is a reasonable sum.

It is quite possible that there existed local reasons for the decision in California, as the judge writing the opinion suggested that the five-dollar gold piece was practically the lowest gold coin in use in that section of the country.

The plaintiff urges that there are several other questions than the one of reasonableness of amount tendered that should have been submitted to the jury. We have considered these questions in the light of the record as it stands, and are of opinion that the dismissal of the complaint was proper.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.