KNOXVILLE TRACTION CO. *v.* JAMES WILKERSON et ux.[*]

(*Knoxville.* September Term, 1906.)

1. **COMMON CARRIERS.** Authorized to make rules necessary for the operation of their business.

It is well settled that common carriers are authorized to make and enforce rules and regulations necessary for the proper control and government of the cars operated by them, including the power, within legal limits, to fix the fare to be charged and the time, place, and manner of payment.

Cases cited and approved: Lane v. Railroad, 5 Lea, 124; Reese v. Railroad, 131 Penn., 422; Lake Shore Railway Co. v. Greenwood, 79 Penn., 373.

2. **SAME.** Same. Reasonableness of rule, a question of law.

Whether the rule of a street railway company, regulating the operation of its business and the manner of payment of fares for carriage, is a reasonable one, is a question of law to be determined by the court.

3. **SAME.** Same. Same. Some tests of reasonableness.

The reasonableness of a rule made by a public corporation, affecting its relations with the public, largely depends upon the peculiar business in which the corporation is engaged, the established usages and customs of the locality wherein it is operating, and by what may be fairly necessary to expedite the discharge of its duties to the public and at the same time be consistent with the comfort, convenience, and safety of its patrons.

---

[*]As to what is a reasonable sum out of which carrier may be required to take passenger's fare and return change, see note to Barker v. Central Park N. & E. R. R. Co. (N. Y.), 35 L. R. A., 489.

Traction Co. v. Wilkerson.

**4. SAME.** Same. Same. Ejection of passenger. Case in judgment.

Defendant in error tendered to the conductor of plaintiff in error, a street railway company, a ten dollar bill in payment of two five-cent fares for himself and wife, which the conductor refused to accept on the ground that he was unable to make the change and required defendants in error to leave the car, no other offer of payment being made. In defense of the suit for damages instituted by defendants in error, the street railway company relied upon a rule theretofore made by it requiring all conductors to be provided with currency or fractional coins to the amount of five dollars and to change bills of that denomination or less when tendered in payment of car fare, and upon failure of a passenger to tender bills or coins of that amount or less, to put him off the car.

*Held*: (1) While the street railway company could not require the exact fare charged to be tendered, it was authorized to fix a limit upon the amount of change which it will undertake to furnish its passengers;

(2) The rule relied upon by the street railway company is reasonable and enforceable;

(3) Whether the defendants in error knew of the rule is immaterial, because the public is charged with notice of a rule so reasonable in its terms and so necessary to the convenience of the company in operating its business and in discharging its duties to the public.

Case cited and approved: Barker v. Central Park, etc., Ry. Co., 151 N. Y., 237.

---

FROM KNOX.

---

Appeal in error from the Circuit Court of Knox County.—JOSEPH W. SNEED, Judge.

SHIELDS, CATES & MOUNTCASTLE, for Traction Company.

J. RUFUS AILOR, for Wilkerson et ux.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

The Knoxville Traction Company, the plaintiff in error, is a corporation lawfully operating cars upon the streets of the city of Knoxville for the purpose of carrying passengers, and was engaged in this business when the matters complained of in this case occurred.

The defendant in error and his wife boarded one of the company's cars, and, upon being approached by the conductor of the car for fare, tendered to him a $10 bill, all the money he had, for change and payment of their fare which was five cents each.

The conductor declined to accept the bill, upon the ground that he was unable to make the change, and required the defendant in error and his wife to leave the car; no other offer of payment being made.

This action of the conductor is charged to have been unlawful, oppressive, and in violation of the right of the defendant in error to be transported by the plaintiff in error upon its car to his destination; and this action is brought to recover the damages sustained.

The plaintiff in error, in defense, relies upon a rule, theretofore made by it, requiring all conductors of cars to be provided with currency or fractional coins, or both,

to the amount of $5, and to change bills or coins of that denomination or less when tendered in payment of car fare, and, upon failure of the passenger to tender bills or coins of that sum or less, to put them off the cars.

There was no publication of this rule, nor does it appear that the defendant in error had actual notice of it. That common carriers are authorized to make and enforce all rules and regulations necessary for the proper government and control of the cars or other vehicles operated by them, and the public being transported thereon, is well established.

This includes the power, within legal limits, to fix the fare to be charged, and the time, place, and manner of payment. *Lane* v. *Railroad Co.,* 5 Lea (Tenn.), 124; *Reese* v. *Railroad Co.,* 131 Penn., 422, 19 Atl., 72, 6 L. R. A., 529, 17 Am. St. Rep., 818; *Lake Shore Railway Co.* v. *Greenwood,* 79 Pa., 373.

The only question presented by this defense is whether or not the rule relied upon is a reasonable one, and this is a question of law to be determined by the court.

The reasonableness or unreasonableness of rules made by public corporations affecting their relations with the public largely depends upon the peculiar business in which the corporation is engaged and the established custom and usages of the locality where it is operating. Rules of this character made by street railroads should be such as are fairly necessary to expedite the discharge of their duties to the public, and at the same time be

consistent with the comfort, convenience, and safety of their passengers.

Street railroads are constructed and operated in cities and their suburbs, and are intended to furnish frequent, speedy, and cheap transportation to the inhabitants to and from different portions of the city in which located. To effect this purpose, they are required to have many lines and numerous cars and employees. They must stop at frequent intervals for the reception and discharge of passengers. Their patrons are numerous, and they cannot, with convenience to themselves or to the public, provide for the sale of tickets and require them of passengers. The fare usually charged is a flat or uniform one for all parts of the city, and the amount is a matter of common knowledge, and can be ascertained by any one proposing to take passage on a car, if not known, from almost any bystander. These facts, we think, clearly authorized the enforcement of the rule requiring a passenger to present in payment of his fare a bill or coin not exceeding $5. In fact, the maximum allowed is most liberal towards the public. If one passenger could require change to be given for large bills, all could do so, because all have equal rights. To require the company to furnish change to every passenger calling for it in sums exceeding $5 would impose a great burden and hardship upon it, while it is comparatively easy for its hundreds of patrons to provide change each for himself.

We do not think the company has the right to require

the exact fare charged to be tendered, but it certainly may fix a limit upon the amount of change it will undertake to furnish its patrons.

In the case of *Barker* v. *Central Park N. & E. Ry. Co.,* 151 N. Y., 237, 45 N. E., 550, 35 L. R. A., 489, 56 Am. St. Rep., 626, a rule fixing the maximum amount of change to be furnished passengers at $2 was held reasonable. In that case it is said: "In the case at bar, the reasonableness of the rule established by the defendant is obvious. In a large city like New York, the round trip of a car on any street line means a very considerable number of fares paid in, and the necessity for the conductor to carry and pay out a large amount of small change. When the defendant enacted the rule requiring its conductors to furnish change to a passenger to the amount of $2, it did all that could reasonably be expected of it in consulting the convenience of the general public, and it would be unreasonable and burdensome to extend the amount to $5. It would require conductors to carry a large amount of bills and small change on their persons, and greatly impede the rapid collection of fares."

We therefore hold that the rule of the plaintiff in error invoked in this case was reasonable, one which it had a right to enforce, and that its conductor had the right to refuse to change the bill tendered him by the defendant in error, and, upon his failure to otherwise pay the fare, to require him to leave the car.

It is also immaterial that this rule was unknown to

the defendant in error. It is so reasonable in its terms and so necessary to the convenience of the company in the collection of fares that the public was charged with notice of it. Where the fare to be paid, as in this case, is so small, and the number of passengers so numerous, any one proposing to take passage upon one of the cars of the company is bound to know the necessity of providing himself with change reasonably near the amount of fare to be paid, and of the inconvenience and probable impossibility of the conductor furnishing change in large amounts.

Other assignments of error were disposed of orally.