## 1513. WYNN *v.* GEORGIA RAILWAY AND ELECTRIC CO.

1. A passenger upon a public conveyance may tender to the common carrier a larger sum than the amount due as fare, in payment thereof, and require the carrier to return the change. The sum tendered, however, must be a reasonable amount, and not unduly disproportionate to the amount of the fare.

2. A street-railway company may enact and enforce a reasonable rule limiting the amount of change its conductors shall be required to make when a sum in excess of the fare is tendered by the passenger. A rule that the conductors shall make change to an amount not exceeding $2 is reasonable; and where such a rule exists, the tender of a $5 bill in payment of the five-cents fare, with a request for a return of the change, is not a good tender of the fare.

Action for damages, from city court of Atlanta—Judge Reid. October 27, 1908.

Argued December 15, 1908.—Decided April 15, 1909.

*Moore & Branch,* for plaintiff in error.

*Rosser & Brandon, Ben J. Conyers,* contra.

POWELL, J.  Wynn brought suit against the Georgia Railway & Electric Company for damages on account of being refused passage on one of its street-cars.  The case was heard before the trial judge upon a stipulation as to the facts, as follows:  "At the time and place named in the petition, plaintiff offered the conductor of defendant's car a five-dollar bill, to pay the regular fare of five cents for passage on the car.  This five-dollar bill was the smallest change plaintiff had in his possession.  The conductor refused to take said five-dollar bill and to take plaintiff's fare out of it, for the reason that the conductor did not have change for said five-dollar bill.  There was at the time in force a rule of the defendant requiring its conductors to keep on hand change to the amount of two dollars, and not requiring them to keep on hand any greater amount of change than two dollars. The conductor, when plaintiff offered the five-dollar bill, and refused to pay fare in any other way, stopped the car and expelled plaintiff therefrom."  The judge found in favor of the defendant, and the plaintiff excepts.

1.  In ordinary commercial transactions the tender made for the payment of any debt ought to be for the exact sum due.  The tender of a larger sum is good, however, provided a return of the balance is not required; but if the tender of the larger sum is coupled with a demand for the return of the change, the person to whom the tender is made may decline to accept it.  28 Am. & Eng. Enc. of Law (2d ed.) 17, 18.  This rule, however, is not strictly applicable to passengers on public conveyances; the rule in such cases being that the passenger need not tender the exact fare, but may tender a reasonable sum and require a return of the difference between the actual fare and the amount tendered.  6 Cyc. 547; 28 Am. & Eng. Enc. of Law (2d ed.) 167.

2.  But few cases have arisen involving the question as to what would be a reasonable tender by a passenger upon a street-car where the fare is only five cents.  As in others matters affecting its relations with the public, which have not been made the subject-matter of statute or specific regulation by the general law, the carrier has a right to make reasonable rules touching the question as to how large a coin or bill it will accept and make change from as a tender for fare by the passenger.  In the case of Barrett

*v.* Market Street R. Co., 81 Cal. 296 (22 Pac. 859, 15 Am. St. Rep. 61, 6 L. R. A. 336), where it appeared the company had not promulgated a rule upon the subject, it was held that the tender of a five-dollar gold coin for a fare of ·five cents was not unreasonable. This case, so far as we have been able to find, is the. only one holding so large a tender to be reasonable in such a case. In the case of Knoxville Traction Co. *v.* Wilkerson, 117 Tenn. 482 (99 S. W. 992, 6 L. R. A. (N. S.) 579), the company had a rule requiring passengers to present, in payment of the five-cent fare, a bill or coin not exceeding five dollars; and this was held reasonable. In Baker *v.* Central Park R. Co., 151 N. Y. 238 (45 N. E. 550, 35. L. R. A. 489, 56 Am. St. Rep. 626), it was held that where the street-railway company required its conductors to accept any amount up to two dollars, the rule was reasonable, and the tender of five dollars in payment of the fare was not a good tender. This case cites and distinguishes the California case, cited above, pointing out that in the case there was no rule on the subject, and also that the decision was probably influenced by the fact, noticed in the course of the opinion in the California case, that in that State at that time the five-dollar gold piece was the smallest gold coin in general use among the people. The ruling in the case of Baker *v.* Central Park R. Co., supra, was followed in the case of Muldowney *v.* Pittsburg, etc. Traction Co., 8 Pa. Super. Ct. 335. In the case at bar the street-railway company had a rule limiting the amount of change to be made by the conductor to two dollars. We agree with the New York and the Pennsylvania courts that this rule is reasonable, and that the tender of a five-dollar bill in payment of five cents fare is unreasonable.                              *Judgment affirmed.*