## BURGE v. GEORGIA RAILWAY AND ELECTRIC CO.

1. In a suit for damages against a street-railroad company because the plaintiff was ejected from one of its cars by the conductor thereof, the petition alleged, that the plaintiff tendered such conductor a $5 gold coin for which to make change and take out his fare and that of his two companions, which the conductor refused to do; that in a loud and offensive manner he ordered plaintiff to leave the car; that upon the plaintiff remonstrating with him, the conductor seized the plaintiff and forcibly ejected him from the car; that the conduct of the conductor was "an outrage upon petitioner" and in violation of his legal rights, and plaintiff was subjected to great mortification and embarrassment in the presence of others on the car. *Held,* that the overruling of a general demurrer to such petition did not conclude the defendant from contending on the trial that $5 was an unreasonable amount for which to require the conductor to furnish change in order to pay three fares.

2. A passenger on a street railroad is not bound to tender the exact amount of fare, nor is the conductor who collects fares for such road required to change any denomination of money.

(a) In order to pay fare, a passenger may tender a reasonable amount and require the conductor to change the same.

(b) A street-railroad company has the right to make a reasonable rule fixing the maximum amount for which change will be made by the conductor for passengers to enable them to pay the amount of their fares on its cars, and such company may refuse to carry passengers who do not comply with such rule.

(c) Whether a rule of such company specifying such amount is or is not reasonable is a question of law to be determined by the court.

(d) A rule of such company, prescribing $2 as the maximum amount for which the conductor shall supply change to passengers to enable them to pay the fare charged for transportation within the city, is a reasonable rule.

(e) Where a person on board the car of a street railroad tenders a $5 gold coin to the conductor of such road having such rule in force, such conductor is not required to furnish change therefor to collect the fares charged for the transportation of such person and his two companions within the city; and where no other tender is made, such conductor may require such persons to leave the car.

Argued June 8.—Decided October 13, 1909.

Action for damages. Before Judge Ellis. Fulton superior court. December 10, 1908.

*Etheridge & Etheridge,* for plaintiff.

*Rosser & Brandon* and *Colquitt & Conyers,* for defendant.

HOLDEN, J. The plaintiff brought suit against the defendant, a corporation operating a system of street railways in the City of Atlanta, for damages, alleging that on the 22nd day of September,

1906, he, in company with his brother and another party, boarded one of the defendant's cars in the city for the purpose of riding thereon to the center of the city. He tendered to the conductor a $5 gold piece and asked him to take out three fares. The conductor replied that he could not change the money, and that the petitioner and his two companions must leave the car. The conductor forcibly ejected the plaintiff from the car. To the petition a general demurrer was filed, and a special demurrer to that part of the petition which alleged "that the conductor in an 'offensive manner' ordered him to leave the car, because the same is a mere conclusion of the pleader." To the order of the court overruling the demurrer no exceptions were taken by the defendant. Upon the trial of the case the plaintiff and his brother testified that on the day named in the petition the plaintiff, his brother, and another companion boarded one of the street cars of the defendant and tendered to the conductor thereof a $5 gold piece, which was the smallest amount of money that he or any of his companions had. The conductor said he could not make the change, and told the plaintiff and his companions that they would have to get off, and required them to do so. The defendant proved that there was in operation a rule of the defendant company, requiring its conductors to make change where the amount tendered was not above $2, but not to furnish change for a greater amount for passengers. The plaintiff objected to the introduction of this testimony, on the ground that there was nothing in the answer of the defendant setting up such rule; and also to the evidence and to an amendment setting up such rule, because relating solely to an issue which had been concluded in the plaintiff's favor by the overruling of the general demurrer in the case, "which ruling unexcepted to held that the plaintiff had made a lawful and reasonable tender of his fare." Upon the conclusion of the evidence, the court directed a verdict in favor of the defendant, to which the plaintiff excepted.

1. One of the contentions of the plaintiff is that the unreversed order of the court overruling the demurrer concluded the defendant on the plaintiff's right to recover, and, as he proved the allegations of the petition, the only question left to be determined was the amount of the recovery. He contends that the overruling of the demurrer concluded the defendant from contending that $5 was an unreasonable amount to tender and for which to require change.

We can not agree with this contention, because, under the allegations of the petition, it was proper to overrule the demurrer whether the denomination of $5 was or was not a reasonable amount for the plaintiff to tender.   In addition to the allegations hereinbefore referred to, it was further alleged in the petition that the conductor "in a loud and offensive manner ordered petitioner and his said two companions to leave the car, and, upon petitioner's remonstrating with him on the subject, he seized petitioner by the arm and forcibly ejected him from the car, and he was forced to walk to town." It was further alleged that the conduct of the conductor was a violation of petitioner's legal rights as a passenger, was an outrage upon petitioner and subjected him to great embarrassment and mortification in the presence of a large number of passengers who were upon said car, and that such conduct was a ground for vindictive damages against the defendant.   If the amount tendered by the plaintiff was a reasonable amount, and such an amount as the defendant was required to take and change in order to enable the plaintiff to pay his fare, and the conductor refused to accept such amount and make such change, he had no right, simply because of the plaintiff remonstrating with him, unreasonably to humiliate the plaintiff and subject him to uncivil language and improper conduct. The conduct of the conductor was broadly alleged to be in violation of the "legal rights" of the plaintiff and to be an "outrage upon" him.   The overruling of the demurrer did not conclude the question of whether or not the amount tendered was a reasonable amount for which to require change in order to pay three fares.

2.   The only other point referred to or insisted upon by counsel for the plaintiff is that the plaintiff had the right to have the jury pass upon the question as to whether or not the conductor should have accepted a $5 gold piece and made change thereof in order to pay three fares.   It would not be right to require conductors to carry such an amount of small change as would be necessary to change any denomination of money, nor would it be proper to require passengers to tender the exact amount of fare; hence, the law requires that the conductor go prepared to change an amount that is reasonable.   Street railways have the right to enact a reasonable rule in regard to such matters, so as to fix an amount which conductors are required to carry and which the public may expect them to carry for the purpose of supplying change to passengers.   In this

connection, see *Southern Ry. Co.* v. *Watson,* 110 *Ga.* 681 (36 S. E. 209) ; 6 Cyc. 545. The rule in the present case was one requiring conductors to carry change to the amount of $2 and no more. Whether or not such a rule is a reasonable one is a matter of law to be determined by the court. *Southern Ry. Co.* v. *Watson,* 110 *Ga.* 681, 682 (36 S. E. 209) ; *Central of Ga. Ry. Co.* v. *Motes,* 117 *Ga.* 923 (43 S. E. 990, 62 L. R. A. 507, 97 Am. St. R. 223). The public, as well as the corporation, are interested that some fixed rule should exist, and it is proper that it should be a question of law whether the rule is a reasonable one. What might appear reasonable to one jury might not so appear to another; and if it were a question of fact to be determined by a jury, no fixed rule by which the corporation and the public should be governed could exist. To require conductors to carry an amount sufficient to change $5 for all passengers who might tender that amount to pay the fare charged for transportation within the city would require all conductors, at all times, to carry a considerable amount of change. To require conductors to obtain, count out, and deliver change for $5 for every passenger who might tender that amount would make slow the collection of fares, with the probable result of delaying the progress of cars and subjecting the traveling public to the inconvenience of frequent waits and delays made necessary by the changing of such a denomination of currency. Such a requirement might not only result in great inconvenience to the public, but impose a heavy and unnecessary burden on the railway company. Every street-railway company should discharge its duties to the public in a proper manner; and in order to do so, it has a right to make and enforce reasonable rules. To require conductors to change $5 for every passenger tendering that amount would prevent the company from performing its public duty with proper caution and with proper expedition. The rule requiring conductors to change no amount greater than $2 works no great hardship on the passenger, though a rule requiring the changing of larger amounts might prove very burdensome to the company. The fact that the plaintiff asked that the fares of his two companions be also taken out of the $5 coin tendered does not place him in any better position than if only one fare was to be taken out, since the amount of change which the conductor would be required to furnish in order to collect the three fares or the fare of the plaintiff alone would still be greater than $2. The rule of

the street-railway company, requiring conductors to make change to the extent of $2 and no more, is a reasonable rule, and the court committed no error in so holding. *Wynn* v. *Ga. Ry. & Elec. Co.*, 6 *Ga. App.* 77 (64 S. E. 278); Barker *v.* Central Park N. & E. River Co., 151 N. Y. 237 (45 N. E. 550, 35 L. R. A. 489, 56 Am. St. R. 626); Muldowney *v.* P. B. Traction Co., 8 Pa. Sup. Ct. 335. The court below was right in directing a verdict, and its judgment is *Affirmed. All the Justices concur.*