THE PROVIDENCE-WASHINGTON INSURANCE COMPANY, Appellee, *vs.* THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

*Opinion filed October 28, 1910—Rehearing denied Dec. 8, 1910.*

1. TELEGRAPH COMPANIES—*duties of telegraph companies are analogous to those of common carriers.* Telegraph companies are engaged in a *quasi* public employment, with duties analogous to those of common carriers, and are required to use a high degree of care and skill in the correct and prompt transmission of messages.

2. SAME—*when failure to deliver message is proximate cause of loss.* If but for the negligence of a telegraph company in missending a telegram a certain fire policy would have been canceled before the insured property was destroyed by fire, the negligence of the telegraph company is the proximate cause of the loss to the insurance company from the policy not being canceled.

3. SAME—*company is chargeable with notice of importance of message as disclosed on its face.* Where a message delivered to a telegraph company for transmission shows on its face that it relates to an important business transaction requiring delivery of the message with all reasonable speed, the company is chargeable with all the information necessary to render it liable for damages resulting directly from its inexcusable negligence in failing to trans-

mit and deliver the message within a reasonable time. (*Postal Telegraph-Cable Co.* v. *Lathrop,* 131 Ill. 575, adhered to.)

4. SAME—*measure of damages for failure to deliver telegram to cancel fire policy.* Where the loss to the insurance company from a policy being in force at the time the insured property was destroyed by fire is the direct result of a telegraph company's negligence in not delivering a telegram to the insurance company's local agent authorizing him to cancel the policy under its terms, the telegraph company is liable for the amount of the insurance company's loss, and not merely for the difference between the amount of unearned premium and the reasonable value of carrying the risk for the additional time.

APPEAL, from the Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding.

This action was brought by appellee, against appellant, to recover damages alleged to have resulted to the appellee from a breach of appellant's contract to deliver a message. Appellee had written a policy of insurance on a paper mill in Newark, Ohio, belonging at the time to Frank B. Silk. The property subsequently passed to the Newark Paper Company, and on January 2, 1902, the policy was, by the consent of appellee, assigned to the Newark Paper Company. The policy contained a clause authorizing its cancellation at any time upon the request of the insured, or by the insurer upon giving five days' notice of the cancellation. April 29, 1902, between eleven and twelve o'clock in the morning, F. W. Ransom, State agent of appellee, delivered to appellant's agent at VanWert, Ohio, for transmission to M. J. Reese, appellee's local agent in Newark, Ohio, the following message:

"VANWERT, OHIO, *April 30, 1902.*
"M. J. Reese, *Agt. Providence-Washington Ins. Co.*
"Regret must cancel paper mill line. Daily was passed inadvertently.                    F. W. RANSOM."

This telegram was never delivered to appellee's agent at Newark, Ohio, but was sent to New York City and delivered to appellee's agent there, finally reaching its manager at Chicago through the mails. On May 2, 1902, Mr. Reese, appellee's agent at Newark, Ohio, received instructions by mail to cancel the policy on the Newark Paper Company's property, and the paper company claimed the right to the five days' notice provided for in the policy. Before the expiration of the five days the property was burned and the paper company sued appellee and recovered a judgment for $1636.94, which was afterwards compromised and $1200 paid by appellee in full satisfaction of the judgment. This action was brought to recover the $1200 and interest from the time of its payment. The case was tried before the court without a jury and a judgment rendered in favor of appellee for $1365. The Appellate Court for the First District affirmed that judgment and granted a certificate of importance, upon which the case is brought to this court for review.

WEST, ECKHART & TAYLOR, (GEORGE H. FEARONS, and FRANCIS RAYMOND STARK, of counsel,) for appellant:

The liability of one who has failed to fulfill his contract is limited to such damages as may reasonably be supposed to have been in the contemplation of both parties, at the time the contract was made, as the probable result of the breach of it. *Hadley* v. *Baxendale,* 9 Exch. 341; *Squire* v. *Telegraph Co.* 98 Mass. 232.

Damages, to be recoverable, must be the direct and proximate result of the alleged negligence of breach of contract. A person who has broken his contract is liable for only those consequences which he might reasonably be supposed to have foreseen and expected as the probable result of such breach. *Daniels* v. *Balentine,* 23 Ohio St. 532; *McLane* v. *Elevator Co.* 99 N. W. Rep. 875; *Morrison* v. *Davis,* 20 Pa. St. 171; *Denny* v. *Railroad Co.* 13 Gray,

481; *Railroad Co. v. Reeves,* 10 Wall. 176; *Hoadley v. Transportation Co.* 115 Mass. 304; *Railway Co. v. Insurance Co.* 139 U. S. 223; *Gilman v. Noyes,* 57 N. H. 627; 13 Cyc. 27; 2 Parsons on Contracts, (9th ed.) 297.

A telegraph company is not a common carrier and has no insurer's liability. *Ellis v. Telegraph Co.* 95 Mass. 226; *Grinnell v. Telegraph Co.* 113 id. 299; *Leonard v. Telegraph Co.* 41 N. Y. 544; *Breese. v. Telegraph Co.* 48 id. 132; *Telegraph Co. v. Dryburgh,* 35 Pa. St. 298.

BATES, HARDING, EDGERTON & BATES, for appellee:

Under the undisputed facts in this case, and by the admission of appellant, it was guilty of gross negligence in not transmitting and delivering the telegram, and as a direct result of that gross negligence appellee was compelled to pay, and did pay, $1200, not including its expenses, which it never would have been required to pay but for the negligence of appellant, and for this negligence appellant is liable to appellee in this action. *Wald v. Railroad Co.* 162 Ill. 545; *Joliet v. Shufeldt,* 144 id. 403; *Houren v. Railway Co.* 236 id. 620; 3 Sutherland on Damages, (3d ed.) sec. 970; 2 Sedgwick on Damages, (8th ed.) sec. 891.

Telegraph companies are responsible for all direct damages which follow their failure to transmit a telegram when the telegram shows on its face that it is of business importance, even though it does not disclose the extent of liability. *Tyler v. Telegraph Co.* 60 Ill. 421; *Telegraph Co. v. Lathrop,* 131 id. 575; *Telegraph Co. v. Wenger,* 55 Pa. St. 262; *Telegraph Co. v. Griswold,* 37 Ohio St. 301; *Garrett v. Telegraph Co.* 83 Iowa, 258; *Telegraph Co. v. Rice Mill,* 93 S. W. Rep. 1084; *Wolfskehl v. Telegraph Co.* 53 Sup. Ct. Rep. 542; *Wallingford v. Telegraph Co.* 60 S. C. 201; *Telegraph Co. v. Shumate,* 2 Tex. Civ. App. 429; *Telegraph Co. v. Crawford,* 110 Ala. 460.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant contends (1) that its failure to deliver the message was not the proximate cause of the damage sustained by appellee; that the fire was the proximate cause, and although the failure to transmit and deliver the message to appellee prevented the cancellation of the policy before the fire occurred, such failure is too remote to charge appellant with liability for the loss appellee sustained on account of the fire; (2) the breach of contract to deliver the message not being the proximate cause of the injury, the damages to be recovered are such, only, as according to the usual course of things result from the breach; that the fire could not have been foreseen by or in the reasonable contemplation of the parties to the contract as a probable result of the breach; (3) that the damages not arising in the usual and due course of things as a probable result of the failure to deliver the message but out of circumstances peculiar to the special case, they are not recoverable unless the special circumstances were known, or may necessarily be supposed to have been known, to appellant at the time it accepted the message.

In support of the contention that the failure to deliver the message could not in any sense be considered as the proximate cause of the injury, appellant relies upon *Morrison* v. *Davis,* 20 Pa. St. 171, *Denny* v. *New York Central Railroad Co.* 13 Gray, 481, *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304, and other cases from other jurisdictions. The *Morrison case* and the *Denny case* were referred to and commented upon in *Wald* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railroad Co.* 162 Ill. 545. The rule announced in those cases is, that where, on account of the delay of the carrier in transporting goods delivered to it, they were destroyed or damaged by floods beyond the power of the carrier's control, the proximate cause of the injury is the flood and the carrier is not liable.

The rule announced by those cases was relied upon in this court in the *Wald case*. In that case Wald bought a ticket over the defendant company's railroad from Cincinnati to New York City by the limited express and checked his baggage for transportation on the same train. The railroad company negligently failed to put the baggage on that train but sent it on a later train, and it was destroyed by the Johnstown flood. The limited express upon which Wald rode and which should have carried his baggage reached its destination in safety. This court refused to follow the rule announced in the *Morrison* and *Denny cases,* and said: "A loss or injury is due to the act of God when it is occasioned exclusively by natural causes, such as could not be prevented by human care, skill and foresight; and where property committed to a common carrier is brought by the negligence of the carrier under the operation of natural causes that work its destruction, or is by the negligence of the carrier exposed to such cause of loss, the carrier is responsible." The court quoted and approved the statement of the rule made by the Supreme Court of Missouri in *Wolf v. American Express Co.* 43 Mo. 421, in the following language: "The act of God which excuses the carrier must not only be the proximate cause of the loss, but the better opinion is that it must be the sole cause; and where the loss is caused by the act of God, if the negligence of the carrier mingles with it as an active and co-operative cause he is still responsible." Many authorities are cited holding this to be the rule. Appellant says the *Wald case* dealt with the rule as applicable to common carriers, and that a telegraph company is not a common carrier. So, also, were the courts dealing with common carriers in the *Morrison case* and the *Denny case,* cited by appellant. While the weight of authority is that telegraph companies are not common carriers and therefore insurers of the correct and prompt transmission and delivery of messages, it is held that they exercise a *quasi* public employment, with duties

analogous to those of common carriers, and are required to use a high degree of care and skill in the correct and prompt transmission of messages. (*Tyler, Ullman & Co.* v. *Western Union Telegraph Co.* 60 Ill. 421.) The principle of the rule in the *Wald case* has been applied by this court in other cases not involving common carriers and loss resulting from the act of God. *City of Rock Falls* v. *Wells,* 169 Ill. 224; *Houren* v. *Chicago, Milwaukee and St. Paul Railway Co.* 236 id. 620; *City of Joliet* v. *Shufeldt,* 144 id. 403.

In support of the second and third propositions of appellant's defense it relies chiefly upon *Hadley* v. *Baxendale,* 9 Exch. 341, but we are of opinion the facts of this case bring it within the rule of *Postal Telegraph-Cable Co.* v. *Lathrop,* 131 Ill. 575. The message sent by appellee to its agent related to an important business transaction. It disclosed the nature of the business to be the cancellation of insurance on paper mill property. Appellant's agent could not have been ignorant of the fact that the prompt delivery of the message was an important matter. The mere fact that the telegraph was resorted to instead of the mails between points in the same State no farther apart than the cities from which and to which it was sent was sufficient to inform the agent of appellant that it was important to appellee's rights that the message be delivered with all reasonable speed and that if this was not done it was liable to result in injury to appellee. Appellant had all the information necessary to charge it with damages resulting directly from a failure to deliver the message, and under the rule announced in the cases in this State the appellee's loss is deemed to be the direct result of the negligence of appellant in failing to transmit and deliver to the sendee the message. That appellant was negligent is conceded, and its counsel in their brief assume that if the appellant had performed its duty the message would have been delivered early in the afternoon of the day it was sent; that the

insurance would have been terminated before the fire occurred and that appellee would have sustained no loss by reason of the fire.

Considering the loss of appellee as the direct result of the negligence of appellant, which we think must be done under the decisions in this State, the liability would be the amount of the loss sustained by appellee, and not, as contended by appellant, the difference between the reasonable value of carrying the risk for the additional number of days and the amount of the unearned premium on the policy. In the *Lathrop case* the court said (p. 586): "We think the reasonable rule, and one well sustained by authority, is, that where a message, as written, read in the light of well known usage in commercial correspondence, reasonably informs the operator that the message is one of business importance and discloses the transaction so far as is necessary to accomplish the purpose for which it is sent, the company should be held liable for all the direct damages resulting from a negligent failure to transmit it, as written, within a reasonable time, unless such negligence is in some way excused." *Hadley* v. *Baxendale, supra,* was relied upon by the telegraph company in that case as requiring the application of a different rule. In the opinion of the court in the *Lathrop case* a large number of cases are cited and commented upon, and while the decision is criticised and sought to be distinguished by appellant, in our opinion we could not adopt the rule insisted upon by it without overruling the *Lathrop case,* and we are not convinced that we would be justified in doing this.

In our opinion appellant was liable for appellee's loss, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*