FRANCIS C. DALE, Respondent, *v.* THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, July, 1917.)

Telegraph companies — refusal to accept telegram — actions — judgments — appeal.

> Where a telegraph operator upon being tendered a telegram and either a ten or a five-dollar bill refuses to accept the telegram on the ground that he had no change for either bill, a

judgment against the telegraph company, in an action to recover the expenses of plaintiff and his wife at a hotel while awaiting a response to the telegram which was delayed in transmission owing to the refusal of the operator to accept it as above stated, will be affirmed.

LEHMAN, J., dissents.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of plaintiff, after a trial by a judge without a jury.

Albert L. Benedict and Francis Raymond Stark (Joseph L. Egan, of counsel), for appellant.

Ely Rosenberg (Jacob M..Cohen, of counsel), for respondent.

BIJUR, J.  Plaintiff has recovered the expenses of his wife and himself at a hotel in Colorado Springs during the day or two while he was awaiting a response to a telegram wherein he had directed his mail to be forwarded from New York.  This telegram was delayed in transmission owing to the refusal of defendant's operator at Los Angeles to accept the same under the following circumstances:

A few minutes before plaintiff's train was about to leave the Los Angeles station, he tendered the telegram and a ten-dollar bill to the operator.  The operator refused to accept the telegram, saying that he had no change.  Plaintiff then procured five dollars from his wife, being unable to get any change from the conductor or other persons on the train, and tendered the five dollars, to which there was a similar refusal. Although it does not appear that at this time the operator said that he did not have change for five dollars, I think it may be fairly assumed from the testimony that that was the reason given.

In my opinion the rules which govern a technical " tender " are wholly inapplicable to the case at bar, which I think must be governed by the duties of a public service corporation, analogous in this respect to those of a common carrier. See Jones Tel. & Tel. Cos., §§ 29, 33; *Providence-Washington Co.* v. *Western Union Tel. Co.,* 247 Ill. 84, and many other cases to the same effect, as also 37 Cyc. 1611. By analogy then to the case of a common carrier, I am of opinion that a public service corporation must be prepared to furnish change to a reasonable amount, such reasonableness with reference to amount, time and place to be judicially determined. See *Barker* v. *Central Park H. & E. R. R. R. Co.,* 151 N. Y. 237. See also 10 C. J. 683.

This question having been, to my mind, properly determined in plaintiff's favor in the instant case, the judgment should be affirmed, with costs to respondent, with leave to appeal to Appellate Division.

ORDWAY, J., not sitting.

LEHMAN, J. (dissenting). The plaintiff has recovered damages for the refusal of the defendant to forward a telegram from Los Angeles to New York. The defendant, while not technically a common carrier, is a public utility corporation and owes duties to the public in many respects analogous to those owed to the public by common carriers. It cannot refuse to accept a telegram for transmission where the applicant offers to pay the lawful rate. In the present case it appears that the lawful rate for a telegram from Los Angeles to New York is one dollar and one cent and the plaintiff offered first a ten-dollar bill with one cent and then a five-dollar bill with one cent. The telegraph operator refused to accept either bill, apparently on the ground that he had no change.

The defendant claims that it is required to perform its public functions only for pay and that it may refuse to accept a telegram unless payment for its services at the lawful rate is tendered.  On the other hand the plaintiff claims and the trial justice has held that the defendant may not refuse a telegram if the sender tenders a larger amount and requires the return of change unless the amount so tendered is unreasonably large.  I can find no authority or reason for such a rule.  It is true that " a passenger, *particularly one on a street car,* is not bound to tender the exact fare, and while a tender of more than the amount, with the requirement of the making of change, may perhaps *under the ordinary usages* of such business be sufficient yet   *   *   *   there must be a reasonable approximation of the amount tendered to the fare " (italics are mine).  10 C. J. 683, and cases there cited, especially *Barker* v. *Central Park, N. & E. R. R. R. Co.,* 151 N. Y. 237, and *Barrett* v. *Market R. Co.,* 81 Cal. 296.  In practically all these cases, however, the question arose where a passenger endeavored to pay his fare when lawfully upon a street car having entered with the intent of paying for his transportation and relying upon the usual custom of the conductor being able to make a reasonable amount of change. See argument of Samuel H. Ordway, counsel for plaintiff in the case of *Barker* v. *Central Park, N. & E. R. R. R. Co., supra.*  If under such circumstances the railroad company had the right to eject such a passenger it would frequently constitute a real hardship and interfere unreasonably with the service the carrier is expected to render.  For this reason the courts have held that a carrier should be required to provide its conductors with change sufficient to enable a passenger to tender a reasonable sum instead of the exact fare.  A telegraph office will, of

course, ordinarily provide its operators with sufficient change to facilitate its business just as any ordinary business would, but it has no reason to anticipate any particular hardship if any particular office has no change.   Under such circumstances it seems to me that the ordinary rule should be applied and the sender should be required to tender the exact amount of the lawful rate to obtain the service of this corporation exactly as he would be required to tender the exact amount demanded by a private corporation for its services.

Judgment affirmed, with costs, with leave to appeal to Appellate Division.