OPINION OF THE COURT
David B. Saxe, J.
The issue I am asked to decide is whether the Federal legal tender statute (31 USC § 5103) mandates the acceptance by the New York City Transit Authority (NYCTA) of legal tender dollar bills as bus fare.
The plaintiffs, two public-spirited bus riders in New York City, have brought this proceeding seeking a declaratory judgment that the policy of the NYCTA in refusing to accept dollar bills as bus fare violates Federal and State law. Expounding at great length on the historical basis of our Nation’s legal tender statutes, the plaintiffs have thoroughly investigated, briefed and applied to this current dispute cases *370 and authorities dealing with beaver pelts, wampum and the enforceability of contract gold clauses during the Great Depression. Although the analysis offered is novel and interesting, I hold that the Federal legal tender statutes cannot be interpreted to require acceptance of a particular denomination of currency, such as single dollar bills, for bus fare.
The crux of the plaintiffs argument is contained in 31 USC § 5103, where it is stated that: "United States coins and currency * * * are legal tender for all debts, Public charges, taxes, and dues.” I conclude that the statute cannot and should not be applied as broadly as the plaintiffs urge.
First of all, it strains logic that Congress would have intended the statute to preclude a payee from limiting the locations where certain types of cash payment may be made. The NYCTA does not refuse dollar bills; it merely limits its acceptance of them to those locations where its employees, with appropriate safeguards, can issue in exchange the equivalent of a ticket — a token, which is in turn accepted by the Authority’s turnstiles and bus fare boxes. Such a practice is not unusual; other carriers require their passengers to purchase a ticket in one location and then to tender the ticket once aboard the vehicle.
Furthermore, a "reasonableness” standard has long been held to limit the carrier’s obligation to accept legal tender. For instance, in Barker v Central Park, N. & E. Riv. R. R. Co. (151 NY 237 [1896]), where a passenger tendered a $5 bill in order to pay a 5-cent fare and was turned away by the conductor, a dismissal of his action for damages was affirmed. The court there concluded that such a large amount was not a reasonable sum for which to seek change on a railroad car; additionally, it held that the question of what is reasonable in this regard is addressed to the court (151 NY 237, 241, 242, supra). Similarly, in Martin v Rhode Is. Co. (32 RI 162, 78 A 548 [1911]), the Rhode Island Supreme Court upheld as reasonable a streetcar conductor’s refusal to accept payment by five 1-cent coins where the company’s policy was that payment must be made by placement of a 5-cent coin in the conductor’s automatic fare-collecting device. That court cited the "incidental power of a common carrier to establish reasonable rules regulating the time, place, and mode for payment of its reasonable charges” (see, Martin v Rhode Is. Co., 32 RI 162, 166, 78 A 548, 549, supra). Thus, the absolute language of the legal tender statute is clearly modifiable by the necessary consideration of what is reasonable under the circumstances.
*371 On the issue of the reasonableness of its decision, the NYCTA offers materials reflecting its ongoing consideration of various fare collection options. Some time ago, it instituted an entirely automated fare collection system on its buses in order to protect its drivers from theft and assault; more recently, to protect its revenue, it has begun to install electronic fare boxes. With regard to payment other than by coins, it has considered equipping its new fare boxes with bill acceptors or with automatic fare collection (AFC) magnetic cards. Having concluded that the currently available mechanisms capable of accepting paper currency are incompatible with the new electronic fare boxes and would moreover introduce additional inefficiencies and security problems, the NYCTA explains, it has opted to devote its scarce resources to developing the AFC magnetic card payment system. Nothing submitted by plaintiffs definitively refutes the defendant’s assessment of the inefficiencies of the available bill-accepting mechanisms.
Plaintiff looks to other, smaller bus lines in other cities and in this city to argue that those systems’ acceptance of dollar bills reflects the inherently unreasonable nature of the NYCTA’s policy. I do not agree. The reasonableness of its policy is not tied to practices adopted by other bus lines.
I further note that other circumstances indisputably exist in which payment of money is required, and in which dollar bills —at least until very recently — were unacceptable as payment, e.g., in vending machines, and at automated laundromats. To suggest that a proprietor’s use of such automated systems violates the legal tender statute is ludicrous. The defendant’s present day bus fare collection system is more closely analogous to such automated systems than it is to the fare collection systems on streetcars a century ago, and its institution of an automated fare collection system which is unable to accept single dollar bills is eminently reasonable.
For the foregoing reasons, upon searching the record, partial summary judgment on plaintiffs’ fourth cause of action is granted in favor of the defendant, and that cause of action is dismissed on the merits.
Once the statutory basis of plaintiffs’ claim is disposed of, the remaining causes of action must fall. The claims that the NYCTA (1) has failed to meet its obligation to provide a reasonable level of service, (2) has breached its duty as a public common carrier, and (3) has breached its contract with plaintiffs, are simply not of a variety that a court may *372 adequately address. "The relief sought by the plaintiffs * * * would 'embroil the judiciary in the management and operation’ of the New York City Transit [Authority], a task the courts are not suited to perform” (see, McKechnie v New York City Tr. Police Dept., 130 AD2d 466, 468, quoting Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo, 64 NY2d 233, 239; see also, Leeds v Metropolitan Transp. Auth., 117 Misc 2d 329, 330-331).
Consequently, defendant’s motion pursuant to CPLR 217, 3211 (a) and Public Authorities Law § 1212 is granted to the extent that plaintiffs’ first, second and third causes of action are dismissed.